In the Matter of the Claims of GEORGE KAFTAN et al., Respondents. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board, which affirmed a decision of a referee. The latter overruled a determination of the commissioner that claimants were ineligible for benefits on the ground they were not totally unemployed. Claimants are professional basketball players, and each entered into a contract with the Madison Square Garden Corporation to play professional basketball for a stated season at salaries ranging from $4,500 to $14,000 a season. The scheduled playing season extends from the early part of November to about the middle of March, but each claimant agreed to participate in all promotional activities of the employer and also to refrain from engaging in any off-season sports such as baseball and football. The Industrial Commissioner found in effect that claimants were employed on an annual basis, and were not totally unemployed within the intent and purpose of the Unemployment Insurance Law (Labor Law, art. 18). We think this determination was sound, and that on the whole record there is no substantial evidence to support the decision of the Unemployment Insurance Appeal Board (*Matter of Bell* [*Corsi*], 282 App. Div. 634). It seems quite obvious that the statute was never intended to cover situations such as we find here. Decision of the board reversed and the initial determination of the Industrial Commissioner reinstated, without costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

∎

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EARL L. JORDAN, Appellant.— Appeal from an order of the Tompkins County Court. In this *coram nobis* proceeding appellant swears that a representative of the Tompkins County District Attorney's Office promised him that if he would plead guilty to burglary in the second degree on May 12, 1943, he would receive a suspended sentence; that he acted on the promise but was sentenced to Elmira Reformatory. He was then seventeen years old. The District Attorney in office at that time has filed an affidavit in which he swears that he made no such promise and that there was no assistant district attorney. The issue of fact thus raised requires a trial. (*People* v. *Richetti,* 302 N. Y. 290, 294.) Order dismissing petition reversed, on the law, and a new trial directed. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.