CITIZENS NATIONAL BANK OF CORRY, Respondent, v. RAYMOND HATHAWAY et al., Appellants.— Judgment affirmed, with costs. Finding of fact No. 10 modified by changing the sum of $4,027.73 to $4,001.11. All concur. (Appeal from a judgment of Chautauqua Trial Term for plaintiff in a mortgage fore-closure action.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■

WALTER W. SCHOENEMAN, Appellant, v. EASTMAN SAVINGS AND LOAN ASSO-CIATION, Respondent, et al., Defendant.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Monroe Trial Term, dismissing the com-plaint in an action in conversion by a bailee.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ. [See post, p. 1216.]

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT ALLEN ROBSON, Appellant.— Order reversed, on the law, and matter remitted to the Ontario County Court for a hearing. Memorandum: On June 15, 1953, the defendant-appellant pleaded " Guilty " to the first count of an indictment, which charged him with criminal negligence in the operation of a vehicle result-ing in death. He was then, and at all times up to then, represented by counsel of his own choosing. The remaining two counts of the indictment referred to were at that same time dismissed. It was alleged that his conduct at the time of the event covered by the indictment, resulted in the death of a fourteen-year-old young lady, and a seventeen-year-old young man. He was sentenced, his counsel being present, on his plea of guilty, to Attica prison, for a term of not less than one, nor more than five years, which he is now serving. On July 16, 1954, he was denied, without a hearing, a motion " in the nature of the Writ of Error Coram Nobis ", it being appellant's claim therein, and now asserted, among other claims which do not appear to be of consequence on such a proceeding as this, that he was promised in return for his plea of " Guilty ", a sentence of one year, instead of the one he did receive. He does not state with whom, or by whom, such promise was had. No affidavit in support of his present claim is submitted by his attorney, nor by anyone else. While there is real doubt as to the sufficiency of his papers, we feel inclined to resolve that doubt in favor of appellant. In view of the claim that such a promise is claimed to have been obtained by " Fraud in front of witnesses ", under the rule of People v. Richetti (302 N. Y. 290) we are constrained to hold that appellant was entitled to a hearing, and an opportunity there to produce the witnesses in front of whom, he claims, he was promised the lesser sentence. All concur. (Appeal from an order of Ontario County Court denying defendant's motion for a writ of error in the nature of a coram nobis.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEONARD J. GILLEN, Appellant.— Order affirmed. All concur. (Appeal from an order of Jefferson County Court dismissing a motion by defendant for correction of record of conviction.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.