Maurice W. McCann
(Yates County Judge and Acting Judge for Monroe County). The defendant-petitioner herein seeks to have his judgment of conviction for forgery in the second degree, entered in this court on January 12, 1956, set aside.
The defendant on December 13, 1955 entered a plea of guilty to the first count of a two-count indictment charging him with forgery in the second degree and petit larceny. He now claims that he was under the impression that he was pleading to the crime of petit larceny. It is his claim that he was so advised by his attorney. He further alleges that his attorney told him that he would get a sentence of no more than one year.
The defendant was granted and had a hearing before me. Testimony was taken and exhibits were introduced, among them being a certified copy of the stenographic notes taken on December 13, 1955 and January 12, 1956. The defendant- *2 petitioner herein testified at his hearing that a Mr. Tofany, an assistant district attorney, was present at the time that he pleaded guilty; that his (petitioner’s) then attorney was to talk with the assistant district attorney and get a plea of petit larceny. This was denied by the attorney. The former assistant district attorney, Tofany, testified that he had nothing to do with the Jacque case at that time.
The stenographer’s minutes of December 13, 1955 show that Mr. Nicholas P. Varían was the assistant district attorney present at the time of defendant’s pleading to the indictment, and that the following questions and answers took place:
“ Presiding: Hon. Clarence J. Henry, Monroe County Judge.
Mr. Varean: You are David Jacque?
The Defendant : Yes, sir.
Mr. Varean : Mr. Hurst is your attorney and appears for you at this time?
The Defendant: Yes.
Mr. Varean : Mr. Jacque, you have previously entered a plea of not guilty to Indictment No. 75, returned by the Grand Jury on November 29th, 1955, charging you with the crimes of forgery in the second degree and petit larceny. Do I understand correctly that this morning you wish to withdraw your plea of not guilty to the first count of this indictment, charging you with the crime of forgery in the second degree?
The Defendant : Yes, sir.
Mr. Varean : And how do you now plead to that count of Indictment 75?
The Defendant: Guilty.
Mr. Varean : You are entering your plea of guilty after having consulted with your attorney, Mr. Hurst?
The Defendant : Yes, sir.
Mr. Varean: Upon his advice and with his consent?
The Defendant: Yes.”
The minutes of January 12, 1956 read, in part, as follows :
“ Mr. Tofany: You are David Jacque?
The Defendant : Yes, sir.
Mr. Tofany: You are represented here this morning by your attorney, Mr. Lloyd Hurst, who appears in court with you?
The Defendant: Yes, I am.
Mr. Tofany: I have here an Information filed under Section 1943 of the Penal Law, charging you with being a second offender. After I read it to you and before you answer to it the Court will advise you as to your rights.
“ The Information reads as follows: The People of the State of New York against David Jacque, Defendant.
*3 ‘ ‘ I, Harry L. Rosenthal, District Attorney of the County of Monroe, hereby accuse David Jacque of having been convicted of the crime of grand larceny, first degree, on the 5th day of October, 1951, in the Monroe County Court at Rochester, State of New York, prior to the conviction of the said David Jacque of the felony, forgery, second degree, in the Monroe County Court at Rochester, New York, on the 13th day of December,
1955, which crime is alleged in the indictment to have been committed on or about September 8th, 1955, at the City of Rochester, County of Monroe, State of New York.
“ This information is dated January 12th, 1956, signed ‘ Harry L. Rosenthal ’, District Attorney of Monroe County.” Whereupon the court apprised the defendant-petitioner of his rights, concluding with the following:
“Now, having so instructed you, I ask you if you are the man described by the District Attorney as having been heretofore convicted of a felony?
The Defendant: Yes, I am.”
The testimony of defendant’s then attorney; the testimony of Mr. Tofany, then an assistant district attorney; and the stenographer’s minutes of December 13, 1955 and January 12, 1956, in my opinion, conclusively contradict the petitioner’s proof.
The defendant-petitioner, since the hearing, has cited, in support of his contentions, the case of People v. Jordan (283 App. Div. 759) wherein the court held that an issue of fact was raised which required a new trial. Upon my examining the record on appeal I find it discloses that in the Jordan case a hearing on petitioner’s writ was denied; in this case a hearing was granted and held. Therefore, this case has no application here.
The application for the writ herein is denied.
Submit order.