Fboessel, J.
(dissenting). The background of this coram nobis application is recited in the prevailing opinion. The authorities there reviewed are of course unquestioned with respect to the general principles for which they stand. But we *346 are here dealing with a specific case, whose facts place it in its own peculiar setting. On the present application, brought in April, 1956, defendant stated that ‘1 the only reason I acquiesced to the plea to a crime that I did not commit was that I was led to believe by the District Attorney that if I did not, I would be given the maximum sentence on the crimes charged in the old Indictment, if convicted on them ” (emphasis supplied), which indictment was “returned to the docket of the court after so long an absence * * * to 1 hold it over my head as a club ’ and force me into a plea of guilty ”.
Assistant District Attorney John C. Little, Jr., who had complete charge of the criminal prosecution against defendant, answered that application by stating that (1) Monroe County Probation Records showed that defendant admitted his complete guilt as to the crime to which he pleaded guilty, and (2) he had no conversations with defendant other than that shown in the transcript of the proceedings. Attached to the answer was a copy of the minutes of the arraignment, plea and sentence. They showed that defendant was arraigned on three indictments on March 4, 1955, at which time he was represented by counsel and pleaded not guilty thereto. His attorney stated he would reserve all rights, and the matter was adjourned to March 8th for any motions he might wish to make. On March 8, 1955 defendant appeared with the same counsel and asked for “ a few days ” adjournment “ for disposition that on the next day defendant again appeared with counsel, and his attorney stated that defendant “wishes to change his plea of not guilty to count third of the said indictment and plead guilty to that count ’ following which Assistant District Attorney Little stated: “All right. Suppose I ask him? ” After some immaterial colloquy, Mr. Little then stated:
“We will go through the arraignment. Edmund Picciotti, you appear here by and with your attorney Merwin Morehouse ? Defendant: Yes.”
The assistant district attorney then reviewed the indictment, the reading of which defendant’s attorney previously and again waived, whereupon the following ensued:
“Mr. Little: How Edmund, I understand from your attorney’s remarks here a few moments ago, that you wish to change th¿ plea of not guilty previously interposed in so far as the third *347 count of Indictment No. 11 returned March 1, 1955 is concerned, which count charges you with the crime of Criminally Receiving and Withholding Stolen and Wrongfully acquired property, as a felony, is that correct?
Defendant: Tes.
Mr. Little: So that there will be no question about it, I’m going to read it and ask you how you plead then.”
He then read the third count of the indictment and asked:
“Now, how do you plead to that third count, Edmund Picciotti, guilty or not guilty?
Defendant: Guilty.
Mr. Little: Are you entering your plea of guilty after having conferred with your attorney Mr. Morehouse here?
Defendant: Tes.
Mr. Little: And with his advice and consent?
Defendant: Tes.
Mr. Little: Any promise or representation been made to you by any person as to Avhat sentence Judge 0 ’Mara would pass upon you if you pled guilty to that indictment?
Defendant: No sir.”
The County Court (Ogden, J.), denied the application for the writ without a hearing, on April 30, 1956.
Petitioner thereafter submitted additional affidavits, one from his mother and one of his own, both sworn to May 11, 1956, wherein he then stated his contention somewhat differently, namely, that he pleaded guilty because “ he was given to understand by a member of the District Attorney’s Staff in front of a witness that if he did not [plead guilty] he would be given the maximum sentence on these old indictments if convicted on them” (emphasis supplied), a statement tailored to the language of the Appellate Division in the case of People v. Robson (285 App. Div. 1112). In a further, supplementary affidavit, petitioner characterized as fraudulent the probation office records referred to by the District Attorney, and now stated that he “ never specified that he was threatened by John C. Little, Jr. ”, but “by a person who identified himself as a member of the District Attorney’s Staff, who may or may not have been •John C. Little, Jr.”
The affidavit of his mother submitted by petitioner stated that his attorney, Mr. Morehouse, advised defendant ‘ ‘ that inas *348 much "as there were four indictments against him, trial would be very difficult and costly and the outcome would be very doubtful, and his best interests would be served by pleading guilty to the charge of Criminally Receiving Stolen Property. That deponent’s son refused to plead guilty and Mr. Morehouse . requested and was granted an adjournment until the following day”. She further stated that Mr. Morehouse telephoned her advising her of the foregoing, and suggested that she see her . son at the county jail and advise him “ that his best interests would be served” by entering such a plea, which advice she followed, since Mr. Morehouse “had been engaged for his defense, was more versed in legal matters than either deponent or her son, and therefore his advice should be followed that defendant thereupon pleaded guilty the following day.
Upon these additional papers, application for reconsideration of the coram nobis application was denied by Judge Ogden. The Appellate Division reversed the determination of Special ' Term by a" vote of 3 to 2, and ordered that there be a hearing, since the charges of fraud, deceit and coercion are not conclusively refuted by unquestionable documentary proof. Upon the record before us, I agree with the County Court. In People v. White (309 N. Y. 636, 640-641, cert. denied 352 U. S. 849), -we'.stated: “Charges made in coram nobis are subject to the criteria relied upon in all causes to determine where the truth lies. Bare allegations not confirmed by the recorded .facts and contrary to the conduct of the defendant and his attorney, are insufficient in law to warrant the granting of a hearing. The defendant is not entitled to a hearing on charges lacking factual support. Due process does not require a court .to accept every sworn allegation as true.” The present case . falls squarely within the language of our decision in that case. Unless we are to lay down the rule that there must be a hearing in every coram nobis application where the petition makes the bare conclusory claim that there has been fraud or coercion, the order of the Appellate Division should be reversed.
We are here dealing with a case where the record conclusively • shows that the District Attorney used an abundance of caution to make certain that the defendant knew what he was doing before he freely pleaded guilty, and the action of defendant and of his. counsel, as well as the affidavit of his own mother, support *349 the correctness of the District Attorney’s action. I see no reason why he should be called upon in a public hearing to defend himself against an utterly unsupported charge.
The order of the Appellate Division should be reversed and the order of the County Court reinstated.
Chief Judge Conway and Judges Desmond, Van Voorhis and Burke concur with Judge Fuld; Judge Froessel dissents in an opinion in which Judge Dye concurs.
Order affirmed.