■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GORDON C. GRAVES, Appellant.— Order unanimously reversed and proceeding remitted to the Onondaga County Court for further proceedings in accordance with the memorandum. Memorandum: The moving papers in this proceeding, which is in the nature of a writ of error *coram nobis*, assert that the defendant-petitioner was not represented by counsel at the time he entered a plea of guilty in 1940. Defendant further contends that he was not advised of his right to counsel and that he was not represented by an attorney at the time of his plea and sentence. The District Attorney submits a certified transcript of the minutes of the Onondaga County Court in which it appears that defendant was represented by an attorney named John B. Devine. Defendant counters with the assertion that there was no attorney by that name practicing at the Onondaga County Bar in 1940 and that a search of such records as were available to him further indicates that there was no attorney by that name licensed to practice in this State during the period in question. The District Attorney's affidavit in opposition to the petition claims that defendant was represented by an attorney known as John B. Lavine and that the surname given in the minutes was erroneous. An affidavit

of a Probation Officer recites that his records contained the name of John B. Lavine as petitioner's attorney. The error in the court's records rebuts the presumption of regularity and the papers submitted in opposition to the petition are not sufficient to meet the test of *People* v. *Richetti* (302 N. Y. 290) and *People* v. *Lain* (309 N. Y. 291) which require that petitioner's claims be " conclusively refuted by unquestionable documentary proof." Under these circumstances, there should be a hearing at which the defendant will be entitled to be represented by counsel assigned to him by the court. (Also, see, *People* v. *Robson,* 285 App. Div. 1112; *People* v. *Picciotti,* 4 A D 2d 1004, affd. 4 N Y 2d 340.) (Appeal from order of Onondaga County Court denying defendant's motion to vacate judgment of conviction.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.