■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL L. CHOMENTOWSKI, Appellant.— Appeal unanimously dismissed on the ground that the order appealed from is not an appealable order. (Appeal from order of Onondaga County Court confirming the report of the psychiatrists and committing the defendant to Mattewan State Hospital until he becomes sane and then to be returned for the resumption of proceeding pursuant to section 662-b of the Code of Criminal Procedure.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ ROBERT O. MONEYPENNY, Respondent, v. JOHN CASELINUOVO et al., Appellants.— Judgment and order unanimously reversed on the facts and a new trial granted, with costs to the appellants to abide the event, unless the plaintiff shall, within 10 days, stipulate to reduce the verdict to the sum of $35,000, as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified is, together with the order, affirmed, without costs of this appeal to any party. Memorandum: We find that the verdict is excessive and that a fair award to the plaintiff would have been $35,000. (Appeal by defendants from judgment and order of Erie Trial Term for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ JOHN L. STOOKEY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 37341.) NATIONWIDE MUTUAL INSURANCE Co., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 37252.) — Order unanimously reversed on the law, with costs to appellant to abide the event. Memorandum: The Court of Claims erred in dismissing the claim on the ground of res judicata. The identity of issues was not adequately established and therefore collateral estoppel does not apply. (Israel v. Wood Dolson Co., 1 N Y 2d 116, 119.) (Appeal from an order of the Court of Claims, granting the motion of the defendant dismissing the actions on the ground that the issue of negligence was res judicata.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN T. GLEASON, Appellant.— Order unanimously reversed and matter remitted to Erie County Court for a hearing. Memorandum: The allegations of defendant and an alleged witness that an Assistant District Attorney promised defendant that he would receive a suspended sentence if he entered a plea of guilty presented questions of fact requiring that a hearing be granted on defendant's petition. (People v. Piccotti, 4 N Y 2d 340; People v. Robson, 285 App. Div. 1112; People v. Amoroso, 8 A D 2d 683.) (Appeal from order of Erie County Court denying, without a hearing, motion for reargument of motion to vacate a judgment of conviction for forgery, second degree, rendered January 28, 1959.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.