■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD WITHRIDGE, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Dutchess County, dated March 6, 1969, which denied the application without a hearing. Order affirmed. A defendant's allegations of an unkept promise by the prosecutor with respect to sentence do not entitle him to a hearing if the allegations are conclusively refuted by the record or are incredible as a matter of law (*People* v. *Bagley*, 23 N Y 2d 814, 816). It is our opinion that defendant's allegations are so fully counter to probability as to be incredible as a matter of law (cf. *People* v. *Galbo*, 218 N. Y. 283, 292). In order to warrant a hearing on a claim that such a promise was communicated to defendant by his attorney, an affidavit from the attorney or other such corroboration is required, attesting to such fact (*People* v. *Scott*, 10 N Y 2d 380; *People* v. *Warren*, 25 A D 2d 676). No such affidavit was submitted here. Defendant's counsel states in his brief that defendant's former attorney " is nowhere to be found in this area." The decision below emphasized the importance of obtaining a statement from him. Nothing is said by defendant or his counsel about what efforts were made, if any, to locate him. In the absence of any evidence that the attorney is deceased, or unavailable for other good reason, the proffered explanation is insufficient to compel a hearing (cf. *People* v. *Martinson*, 23 A D 2d 839). It is significant that notwithstanding the alleged promise of the District Attorney communicated to defendant by his attorney, neither defendant nor his attorney made **any protest or** complaint when the

court imposed a maximum sentence which was 10 years in excess of that which had allegedly been promised. Thereafter, defendant made no complaint about it until now, 16 years after the event, without any explanation offered as to why he waited so long. Such an unexplained, long delay is a significant factor to be considered in determining whether a hearing should be granted (*People v. Nixon*, 21 N Y 2d 338, 352; cf. *People v. Harvin*, 32 A D 2d 1040). A hearing may be warranted notwithstanding an unexplained, long lapse of time, where a defendant's allegations are such as lend themselves to resolution by examination of relevant records and documents (e.g., *People v. Randolph*, 25 N Y 2d 765, 767, and kindred cases cited in the dissenting memorandum herewith, where defendants swore that they had no counsel and, in some instances, were not advised of their right to counsel), but such is not the case here. Beldock, P. J., Christ, Brennan and Rabin, JJ., concur; Hopkins, J., dissents and votes to reverse the order and to remit the proceeding for a hearing, with the following memorandum: Defendant was convicted on his plea of guilty in 1953. In 1969 he brought this proceeding in the nature of a writ of error *coram nobis* in which he alleged, among other things, that he was induced to plead guilty by a promise of the District Attorney, communicated to him by his assigned attorney, that he would receive a maximum sentence of 20 years. In fact, he was sentenced to several terms, the combined total being a term of 15 to 30 years. Defendant's allegations entitle him to a hearing, unless they are refuted conclusively by the record or are incredible as a matter of law (*People v. Bagley*, 23 N Y 2d 814, 816). The record does not conclusively refute defendant's claims. Nor can I say that they are incredible as a matter of law. To make the latter judgment would require first a finding that defendant's testimony could not be accepted by any reasonable man (*Blum v. Fresh Grown Preserve Corp.*, 292 N. Y. 241, 246) — that it is so fully counter to probability or so nearly impossible that it ought not be believed (cf. *People v. Galbo*, 218 N. Y. 283, 292). To be sure, there are two factors which bear heavily on defendant's credibility. First, defendant delayed making his claim for some 16 years. But I do not think that the lapse of time alone defeats his claim. In *People v. Randolph* (25 N Y 2d 765), the defendant's petition was filed some 27 years later and a hearing was granted (see, also, *People v. Lain*, 309 N. Y. 291 [21 years later]; *People v. Richetti*, 302 N. Y. 290 [27 years later]). In *People v. Guariglia* (303 N. Y. 338, 342–343) a hearing was directed on a claim made some 20 years later concerning a promise of a lenient sentence (see, also, *People v. Jordan*, 283 App. Div. 759). The second factor is the absence of an affidavit from the attorney who was assigned to represent defendant at the time of his sentence (cf. *People v. Scott*, 10 N Y 2d 380). But the public defender states in his brief that the assigned counsel "is nowhere to be found in this area." For the purposes of a petition in a *coram nobis* proceeding, this explanation is sufficient to compel a hearing (cf. *People v. Martinson*, 23 A D 2d 839). What has been said should of course not be taken as a stamp of credibility of defendant's claim. The credibility of his claim must be determined at a hearing, where all of the factors, including the delay and the present location of his former attorney, relating to the probable truth of the allegations, can be adequately probed.