THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALVIN E. LAIN, Appellant.

Argued October 6, 1955; decided November 17, 1955.

*Vincent L. Rosato* for appellant.   I. The court below erred in refusing to grant a hearing upon the allegations raised by the petition and the records of the court.   (*Johnson* v. *Zerbst,* 304 U. S. 458; *People* v. *McLaughlin,* 291 N. Y. 480; *Matter of Bojinoff* v. *People,* 299 N. Y. 145; *Rice* v. *Olson,* 324 U. S. 786; *Hawk* v. *Olson,* 326 U. S. 271; *Matter of Hogan* v. *Supreme Court of State of N. Y.,* 295 N. Y. 92; *People* v. *Richetti,* 302 N. Y. 290; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *People* v. *Guariglia,* 303 N. Y. 338; *People* v. *Langan,* 303 N. Y. 474.)   II. Even if the court should find that appellant was represented by counsel at the time of sentencing, the record nevertheless conclusively

shows that he did not have the aid of counsel nor was he advised of his rights at every stage of the proceedings. (*Glasser* v. *United States,* 315 U. S. 60; *People* v. *Steinmetz,* 240 N. Y. 411.)

*Frank S. Hogan, District Attorney (Harold Roland Shapiro* of counsel), for respondent. The records of the Court of General Sessions conclusively established defendant's representation by counsel and thus completely refuted his allegations that he was not advised of or given counsel at any stage of the proceedings and that the court records were barren of proof that at any time was he represented by counsel. (*Gayes* v. *New York,* 332 U. S. 145; *Canizio* v. *New York,* 327 U. S. 82; *Walker* v. *Johnston,* 312 U. S. 275; *People* v. *Guariglia,* 303 N. Y. 338; *People* v. *Richetti,* 302 N. Y. 290; *People* v. *Langan,* 303 N. Y. 474.)

DESMOND, J. Defendant petitioned for *coram nobis* relief to set aside his 1934 conviction for robbery on a guilty plea. His allegation was that he had not been represented by counsel, or advised of his right to counsel, at any stage of those 1934 criminal proceedings. His petition included a request for a hearing as to the truth of those allegations but such a hearing was denied him. The Court of General Sessions instead examined the original 1934 file, including the indictment and the indorsements thereon and the stenographic minutes of sentence, and, finding therein what the court thought to be a clear showing that defendant was represented by counsel in 1934, held that no hearing was necessary as to defendant's contrary allegation. The *coram nobis* motion was therefore denied.

It is settled that in *coram nobis* a petitioner swearing to allegations such as those of this petition is entitled to a trial thereof in open court unless his claims are " conclusively refuted by unquestionable documentary proof ". (*People* v. *Richetti,* 302 N. Y. 290, 296; see *People* v. *Guariglia,* 303 N. Y. 338, 342; *People* v. *Langan,* 303 N. Y. 474, 477; *United States* v. *Hayman,* 342 U. S. 205, 222.) There was in the present proceeding no such conclusive refutation by unquestionable documents. The file handed to the *coram nobis* court contained two documents of importance. One was a photostatic copy of the 1934 indictment and the indorsements thereon, that indictment running against this defendant (Lain) and two other men, Soimes and Jasper. It was returned on September 26, 1934, and on its back there

is a notation that on September 27, 1934, Lain pleaded guilty to robbery in the third degree while armed, and that his co-defendant Soimes on that date pleaded guilty to robbery in the third degree. There is nothing in the record to say that Lain was represented by a lawyer or informed of his right to counsel at the time his plea was entered. Under date of September 29, 1934, on the back of this same indictment is a statement that a named attorney filed a notice of appearance for both Lain and Soimes. The next writing on the back of the indictment says that on October 9, 1934, Lain was sentenced to State prison for ten years for robbery, plus an additional sentence, because of his having been armed, of not less than five nor more than ten years.

The other writing which was before General Sessions, when it denied the *coram nobis* petition without trial, was the stenographer's minutes of the sentencing of Lain and Soimes. Therein under the heading " appearances " is a statement that an attorney (not the same one who filed the notice of appearance) was present " for the defendants ". When, according to the minutes, the sentencing judge asked Lain whether he had been previously convicted of a felony, he answered " Yes " and this attorney, too, made the same answer as to Lain. Later, this attorney addressed the court in behalf of leniency for Soimes, but said nothing for Lain. Thus, the only documents available indicate that one lawyer, two days after the guilty plea, filed a notice of appearance for Lain but was not heard of again in the record. Another lawyer, in court on the day of sentence, was thought, by the stenographer at least, to be representing Lain but did no more for him than to repeat to the court an answer Lain made as to his prior conviction. If there is an adequate explanation for these discrepancies, it does not appear on this record. *People* v. *Guariglia* (303 N. Y. 338, 342, *supra*) is a directly applicable holding that such scant entries on the official records do not conclusively disprove a sworn allegation that defendant never was told of his right to counsel, never consciously waived it, never authorized counsel to act for him and never knew that the right existed.

Since we are holding that this defendant should have had a trial of his allegations, the question is not before us as to whether adequate representation by an attorney, if such there

was, at the time of sentence would be held to have satisfied defendant's rights if it should turn out also that at the earlier date of arraignment and plea he had no counsel and was not told of his right to counsel (see Code Crim. Pro., §§ 188, 308; *Canizio* v. *New York*, 327 U. S. 82, 85–87; *Gayes* v. *New York*, 332 U. S. 145, 148–149; cf. *People* v. *Guariglia, supra*).

Defendant's right to a trial of his allegations was not destroyed by the inept allegation in his home-drawn petition that his claims could be conclusively established by the court records. Of course, those records did not prove that he was denied counsel, any more than they proved the opposite of that. But defendant's overstatements of what the documents proved did not automatically deprive him of a trial of his principal contention.

The orders should be reversed and the case remitted to the Court of General Sessions of the County of New York for hearing in accordance with the opinion herein.

Conway, Ch. J., Fuld, Froessel, Van Voorhis and Burke, JJ., concur; Dye, J., taking no part.

Orders reversed, etc.