The orders of dismissal should be reversed, with costs, and new trials directed.

BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Orders of dismissal reversed, on the law and facts, with costs, and new trials directed.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ERNEST E. J. BURNASH, Appellant.

Third Department, May 10, 1956.

*Ernest E. J. Burnash,* appellant in person.

*Russell G. Hunt, District Attorney,* for respondent.

ZELLER, J. The defendant, Ernest E. J. Burnash, by a *coram nobis* type application, sought to vacate a 1943 conviction for the crimes of burglary in the third degree and petit larceny on the ground that he had not been advised of his right to counsel, offered the advice of counsel or been represented by counsel at any stage of the proceeding. He requested a hearing to determine the truth of his allegations but this was not granted and his *coram nobis* motion was denied. In a *coram nobis* proceeding, when a defendant swears to claims such as are contained in this petition, he is entitled to a trial in open court unless his allegations are conclusively refuted by unquestionable docu-

mentary records. (*People* v. *Lain,* 309 N. Y. 291; *People* v. *Richetti,* 302 N. Y. 290.)

The People presented to the court three records pertaining to this defendant: (1) a photostatic copy of a record of indictments kept in the office of the District Attorney of Albany County; (2) a certified copy of minutes kept by the clerk of the court; and (3) a photostatic copy of a notice of assignment of counsel.

The minutes of the clerk disclose that this defendant, then 17 years of age, and a codefendant Ostrom were arraigned on March 24, 1943, and pleaded not guilty and there is a further notation "Atty. to be assigned". Under the same date there appears in the District Attorney's record of indictment the information that both defendants were arraigned and entered pleas of not guilty. Then follows the writing "Melville Fisher for both (assgd)" over which appears " In Army " and underneath which is written " Samuel Caplan for Ostrom " and " Franklin Gavin for Burnash ".

The notice of assignment of counsel executed by the District Attorney is dated March 29, 1943, and advises Mr. Fisher that he had been assigned to protect the interests of both defendants. No similar notice of assignment directed to any other attorney was produced nor was reference made to any notice of appearance by any attorney.

The clerk's minutes, under date of April 22, 1943, show that this defendant withdrew his former plea and pleaded guilty. They bear a notation " F. Burns, D. A. " but contain no reference to any counsel for the defendant. The same minutes, under date of May 3, 1943, indicate that this defendant was arraigned for sentence and committed to Elmira Reformatory. They again bear a notation " F. Burns, D. A. " but do not refer to any counsel appearing for the defendant. Significantly, other arraignments and sentencings appearing upon the same pages of the clerk's minutes do disclose the names of attorneys appearing for defendants.

From the clerk's minutes it is reasonable to infer that the court upon the first arraignment advised the defendant of his right to counsel and that he indicated a desire for court assigned counsel. But the minutes are devoid of any indication that counsel was assigned or that the defendant was represented by counsel at any stage of the proceedings against him. We are unable to conclude with finality from the other documents that an attorney was assigned by the court to represent the defendant. The record of indictments kept in the office of the District Attorney is not an official court record. We are not informed

when the entries were made, by whom they were made or the method employed in transmitting information gathered in court to the record. Therefore, in the absence of further information, it cannot be held that the entry made under date of March 24, 1943, to wit, '' Franklin Gavin for Burnash '' establishes that Mr. Gavin had been assigned by the court to represent the defendant. It should be noted that some inaccuracies are apparent from the record as it appears that five days after March 24th, the District Attorney notified Mr. Fisher that he had been assigned as counsel for the defendant.

If it is established as a fact that counsel was duly assigned by the court, a question still remains for determination. The act of assigning counsel does not fulfill the rights to which a defendant is entitled. If counsel is not notified of his assignment, or, if notified, he does not respond, or, if for any other reason, a defendant without his assent is deprived of the advice of counsel he has sought, one of his rights has been violated. (Code Crim. Pro., §§ 188, 308; *Matter of Bojinoff* v. *People,* 299 N. Y. 145.)

Thus, in our opinion, the People have not conclusively refuted by unquestionable documents the defendant's allegations that he had not been assigned counsel or represented by counsel during the proceeding against him. The defendant should have been accorded a trial of his allegations. (*People* v. *Moesel,* 284 App. Div. 922.)

The order should be reversed and the case remitted for a trial.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Order reversed, on the law and facts, and the case remitted for a trial.