Thomas Dickehs, J.
The theme of this coram nobis proceeding is defendant’s grievance pointing to a violation of his constitutional right to the aid of counsel.
Its basis is the court’s failure to inform and advise him of this right to counsel and to assign one when he appeared alone to defend himself.
Such laxity on the part of the court is alleged to have existed from the inception of the prosecution in the Magistrates’ Court in 1917, and to have been continued to its culmination in this court with the suspension of sentence at the addiction, following defendant’s plea of guilty by compromise on March 26, 1917, to a specified felony.
These facts were detailed in defendant’s motion papers.
The question now remaining for determination, is whether or not the evidence presented at the hearing, preponderates in favor of defendant, to warrant my granting the ultimate relief that defendant seeks.
The indictment in evidence bears the names of two attorneys as having represented defendant. One of them, Abraham Bosenblum, was noted on its face at the time of defendant’s sentence on May 31, 1917. The other, Herman Bosenblum, was noted on the inside, by. being written into a space in the imprinted wording made with the clerk’s rubber stamp, as testimonial to the filing of a notice of appearance on April 18, 1917.
These appearances in his behalf, defendant unequivocally repudiated on the the witness stand. Not only did he disclaim any attorney-and-client relationship with either, but also maintained steadfastly that he, at no time, had had any other attorney represent him as his attorney in this case.
In support thereof, defendant produced documentary evidence of the recorded number of attorneys with the surname Bosenblum in the proximate years preceding the year 1917 and *230 in 1917, and also produced living witnesses whose names corresponded to the names noted on the indictment.
The telephone directory of the New York Telephone Company disclosed that the name of an Abraham Bosenblum was listed in the year 1901, and remained therein until the year 1903, and then it was not thereafter listed. From the year 1903 to 1907, no such name as Abraham Bosenblum was listed as attorney. In the year 1917, the name of Abraham Bosenblum was the only listed attorney by such name, and his address was given therein as 320 Broadway.
Defendant showed convincingly that in the year 1917, there were two lawyers in the active practice of their profession in this State. Both their surnames were Bosenblum but their first names were Abraham and Herman.
The lawyer with the name, Abraham Bosenblum, corresponding to that noted on the indictment, appeared as a witness for defendant and testified, in substance, that he was the Abraham Bosenblum listed in the telephone directory for the year 1917; that he did not know of any other Abraham Bosenblum practicing as an attorney at that time; and that he did not know defendant, and stated further that he did not in the year 1917 or ever represent defendant.
The other, with the name, Herman Bosenblum, corresponding to that noted on the indictment, appeared also as a witness for defendant. He testified, in substance, that he had had offices at 116 or 132 Nassau Street in. the year 1917, and that, at the times of testifying, he had no independent memory of having ever represented defendant.
Lawyers who had represented the codefendants were called as witnesses by the People. They, however, all testified to the lack of an independent memory regarding the particular procedure that was then followed in this case.
Clerks employed in the court at the time in question, fared no better as witnesses for the People. Although they testified as to the general procedure that was followed in those days for the taking of a plea, they, too, had no independent memory concerning the particular procedure followed in this case.
On the People’s side of the issue, therefore, the sole and the only direct evidence for reliance, was the indictment bearing the afore-stated notations of the attorneys’ names.
As to whether there were minutes of the arraignment, the plea, or /and the sentence, the answer must remain in the dark. The clerk’s records contained none, and so, none were produced.
In the light of the established rule that the burden of proof to overcome the presumption of regularity by a preponderance *231 of credible and sufficient evidence, is devolved upon defendant in the first instance, and, then, the People are required to come forward with evidence to controvert defendant’s evidence and thereby show compliance with the mandatory requirement of the relative statute, after the production by defendant of a quantum of evidence sufficient to rebut such presumption (Matter of Bojinoff v. People, 299 N. Y. 145), I conclude, upon weighing the entire proof in the balance, that defendant has met his evidentiary obligation, whereas the People have been found wanting in theirs; consequently, as trier of the facts, I resolve my finding in favor of defendant. (People v. Richetti, 302 N. Y. 290, 298; People v. Langan, 303 N. Y. 474, 480.)
For comparison of facts and circumstances similar in aspect to some in this case and for judicial views thereon, I refer to People v. Conroy (1 A D 2d 513); People v. Burnash (1 A D 2d 496); People v. Brillian (3 A D 2d 318); People v. Lain (309 N. Y. 291).
See also review on the subject in Frank on Coram Nobis (par. 402, p. 80 [1957 Supplement]).
The record before me warrants the granting of the relief. Consequently, the motion is declared granted.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant and his attorney.