Ftjld, J.
On this appeal by the People, the sole question presented is whether, on the facts alleged in the defendant’s coram nobis petition, he is entitled, as the Appellate Division has held, to a hearing.
The defendant was indicted in Monroe County in June, 1950, for burglary and in September of the same year for robbery and larceny. He pleaded not guilty to the first indictment, but was never brought to trial and, having been committed in September to the New York State Vocational Institution for violation of probation, he was not arraigned on the indictment *343 returned earlier that month. Following his release three years later, in September, 1953, the defendant returned to Rochester where he lived until his arrest on another charge of robbery in January of 1955 and two months thereafter he was indicted for robbery and for criminally receiving stolen property. Arraigned on March 4, 1955, on these latter indictments and also on the one returned in September, 1950, he pleaded not guilty to all of them. Five days later, however, he changed his plea to guilty to one count of the indictment charging him with receiving stolen property and the court sentenced him to prison for a term of from 5 to 10 years.[1]
In April of 1956, asserting that his conviction had been secured by “trickery and coercion,” the defendant brought this coram nobis proceeding. It was his claim that he was innocent of the crime to which he pleaded guilty and that he entered such plea only because of fear induced by a threat made by a member of the district attorney’s staff. More specifically, the defendant averred, he was told by an assistant district attorney that, “ if [he] did not ” plead guilty, all of the indictments, those returned against him in 1950 as well as those found in 1955, would be brought on for trial at once and, “ if convicted on them ’ ’, he would receive the longest and heaviest sentence possible. In other words, according to the defendant, the five-year-old indictment was revived and returned to the calendar solely “to ‘ hold it over [his] head as a club ’ ” and thereby “ force [him] into a plea of guilty.”
In opposition to the defendant’s petition, the assistant district attorney who had been in charge of the case stated that his only conversation with the defendant had been in open court, and he pointed to the transcript of the proceedings to establish that there was nothing “ irregular ” or “ coercive ” in anything which he had said. In reply, the defendant reaffirmed his charges, repeated his request for a hearing and for an opportunity to give testimony and subpoena the person who, he declared, was present when the alleged threat which had induced him to plead guilty was made.
*344 The Monroe County Court denied the defendant’s application and the Appellate Division reversed that determination on the law and ordered a hearing.
• There can no longer be doubt that coram nobis lies to correct a judgment “ based upon trickery, deceit, coercion or fraud * *' * in the procurement of the plea ”. (Matter of Lyons v. Goldstein, 290 N. Y. 19, 26.) Indeed, this court has written, “ to deny a person an opportunity to be heard on proof that he was defrauded or coerced into pleading guilty to a crime would impair a constitutional right ”. (Matter of Lyons v. Goldstein, 290 N. Y. 19, 25, supra; see, also, People v. Richetti, 302 N. Y. 290, 296.)
The facts alleged by the defendant amount to coercion in the procurement of the plea and, if proven, entitle the defendant to coram nobis relief. A plea of guilty is, of course, frequently the result of a “ bargain,” but there is no bargain if a defendant is told that, if he does not plead guilty, he will suffer consequences that would not otherwise be visited upon him. To capitúlate and enter a plea under a threat of an “ or else ” can hardly be regarded as the result of the voluntary bargaining process between the defendant and the People sanctioned by propriety and practice. The manner in which the statement ascribed to the assistant district attorney in this case was made (if made at all), the circumstances surrounding its utterance, its impact upon the accused, whether intended, whether reasonable, are matters to be considered and passed upon at the hearing directed by the Appellate Division. It is impossible to compress into a sentence a rule or formula which will decide all cases. For present purposes, it is sufficient to say that resort to the writ of error coram nobis is justified if it appears that a prosecuting official threatened to revive five-year-old indictments (cf. People v. Prosser, 309 N. Y. 353, 356-357) and see to it that the, punishment inflicted would be made especially severe if the defendant insisted on a trial and did not plead guilty.
The defendant has made some extreme charges, and it may well be that his proof will not support them. But, as we have many times held, where the defendant alleges facts which, if established, justify relief by way of coram nobis, then, he “is entitled to a trial thereof in open court unless his claims are *345 ‘ conclusively refuted by unquestionable documentary proof ’ ’ (People v. Lain, 309 N. Y. 291, 293; see, also, People v. Silverman, 3 N Y 2d 200, 203; People v. Guariglia, 303 N. Y. 338, 343; People v. Langan, 303 N. Y. 474, 477; People v. Richetti, 302 N. Y. 290, 296, supra.) “It is only when the record conclusively demonstrates the falsity of the allegations and there is no reasonable probability at all that defendant’s averments are true that a hearing will be denied ”. (People v. Guariglia, 303 N. Y. 338, 343, supra; People v. Silverman, 3 N Y 2d 200, 203, supra.)
In the case before us, it may not be said that the affidavit of the assistant district attorney or the transcript of the proceedings in court, the only papers offered in opposition to the defendant’s application, “conclusively demonstrates” the falsity of the defendant’s allegations or amounts to unquestionable proof to the contrary. (People v. Lain, 309 N. Y. 291, 293, supra; People v. Guariglia, 303 N. Y. 338, 343, supra; People v. Langan, 303 N. Y. 474, 477, supra; People v. Richetti, 302 N. Y. 290, 296, supra.) All that the affidavit states, bearing on the alleged coercion, is that the defendant had counsel and that the only conversation which the assistant district attorney ever had with the defendant was in court. The fact that the defendant was represented by counsel, and even told by him to plead guilty, does not render false or inconsequential his claim that an assistant district attorney improperly threatened him and coerced him into entering such a plea. Quite obviously, if such a coercive conversation did take place, it would not be made in the presence of the defendant’s lawyer and certainly not in open court. Nor is the circumstance that the assistant district attorney has not been identified or that the witness to the assertedly coercive plea-inducing talk has not been named in any way decisive.
As the Appellate Division concluded, the defendant is entitled to a hearing and an opportunity to produce his proof. The order appealed from should, accordingly, be affirmed.

. After the imposition of such sentence, the defendant moved to dismiss the remaining indictments and, following denial of that motion, applied for an immediate trial. However, the indictments were dismissed some time later upon the district attorney’s own motion.