■ N. V. SIMONS' METAALHANDEL, Respondent, v. HYMAN-MICHAELS COMPANY, Respondent, and ASSOCIATED METAL & MINERALS CORP. OF NEW YORK et al., Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, McNally, Stevens and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS BATTICE, Appellant.— Order unanimously affirmed. This is an appeal from an order denying, without a hearing, a petition for a writ of error *coram nobis.* The contention of the defendant that his plea of guilty was obtained by coercion, misrepresentation and knowing suppression of vital facts is not supported by the record. It is true that the defendant voiced objections to two of the three assigned counsel (the defendant having been indicted for murder in the first degree) and the court promised an investigation. The record does not indicate what, if anything, was done. Eleven days later the defendant entered a plea of guilty to the crime of murder in the second degree, a fair plea in light of defendant's answers to questions propounded by the court. At that time, no further objection to counsel was made. More than 30 days later at the time of sentence, the defendant stated that he thought he had been coerced by his counsel into accepting a plea to murder in the second degree. After the sentence was imposed, the defendant remarked to the court: "In spite of what I said to you before, in spite of what I said about my attorneys, I wish to thank you for your favors in granting me that sentence." The alleged misconduct or coercion claimed is based upon statements which defendant said one of his assigned counsel made to the effect that he would "burn in the chair" if he did not plead guilty, and that he had 48 hours to make up his mind. It is not alleged or claimed that there was any misconduct or fraud on the part of the District Attorney or of the court. In view of the time lapse between arraignment, plea and later sentence, it is difficult to see how the alleged statements, if made, could have operated as the inducing cause for the plea of guilty. Moreover, the plea is amply supported by an admission by the defendant in open court of all the essential facts (*People* v. *Moore,* 284 App. Div. 925; *People* v. *Neeley,* 4 A D 2d 1019). Upon this record which we have examined, and the circumstances as revealed, we cannot equate the alleged hostility of two of three assigned counsel, with an absence of legal representation to warrant a conclusion that the defendant's constitutional rights have been violated. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ MATTIE THEUS et al., Appellants, v. HAZEL CAB CORPORATION et al., Respondents, et al., Defendant.— Order unanimously modified to the extent of restoring the cause to the nonpreferred calendar on condition that plaintiffs first pay the costs awarded to the respondent on this appeal, and, as so modified, affirmed, with $20 costs and disbursements to the respondent, Hazel Cab Corporation. Concur — Botein, P. J., Breitel, Rabin and M. M. Frank, JJ.

■ ANNE DELAMER, as Administratrix of the Estate of BERNARD DELAMER, Deceased, Appellant, v. CITY OF NEW YORK, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. There has been an undue and insufficiently explained delay in the making of the application for the relief sought herein. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and McNally, JJ.