THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN PATRICK HUGHES, Appellant.

First Department, June 18, 1959.

*John Patrick Hughes*, appellant in person.

*Lawrence K. Feitel* of counsel (*Charles W. Manning* with him on the brief; *Frank S. Hogan, District Attorney,* attorney), for respondent.

*Per Curiam.* Defendant appeals from an order of the Court of General Sessions denying, without a hearing, his motion for a writ of error *coram nobis.*

Upon a plea of guilty to the crime of attempting to buy and receive stolen property as a felony (Penal Law, §§ 2, 1308), defendant was sentenced to a term of three and one-half to seven and one-half years in State prison as a second offender. In March, 1954 he had originally pleaded guilty to the crime of criminally receiving stolen property. Thereafter, his sentence was repeatedly adjourned, while he co-operated with the authorities. Ultimately, in May, 1955, defendant withdrew his first plea of guilty and entered the plea upon which he was sentenced as afore-mentioned.

The basis of this application is that defendant was promised several times by the Assistant District Attorney in charge of his case that if he co-operated with the authorities — as he did — he would be permitted to withdraw his previous plea, replead to a lesser charge and receive a suspended sentence. The petition alleges, in pertinent part: " That petitioner had been told soon after his arrest by the Assistant District Attorney that he could either assist in recovering property or else expect to get 20 years and that a recommendation would be made to the Parole Board to see that petitioner did all of his remaining Elmira sentence also. But that if petitioner did assist he'd receive a suspended sentence.'' Defendant also claims that similar promises were made to at least two of his accomplices charged with similar crimes and they in fact did receive suspended sentences.

No opposing affidavits or papers of any nature were submitted by the District Attorney. The order denying this application recites that the Judge considered only defendant's papers and the indictment together with the indorsements '' thereon and attached thereto.''

Therefore, the only question presented is whether defendant is entitled to a hearing upon the facts alleged in his supporting affidavits — facts which also stand undenied on this record.

In *People* v. *Picciotti* (4 A D 2d 1004, affd. 4 N Y 2d 340) the Court of Appeals and the Appellate Division, Fourth Department held that a defendant who had asserted in his *coram nobis* petition that he had been coerced into entering a plea of guilty because of a threat made by an Assistant District Attorney was entitled to a hearing on the issues thus raised. In that case an opposing affidavit by the prosecutor and a transcript of the proceedings in court were submitted, but it was held they did not conclusively demonstrate the falsity of defendant's allegations or amount to unquestionable proof to the contrary. *People*

v. *Battice* (6 A D 2d 773, affd. 5 N Y 2d 946) does not appear to indicate that the courts are drawing back from the *Picciotti* holding. Battice did not claim any misconduct or fraud on the part of the District Attorney or court, but leveled his charges only against his own lawyers. On the papers alone it was clear that the improper conduct attributable to his attorneys could not have induced him to enter a plea of guilty. Also, the *Battice* proceeding climaxed six successive *coram nobis* motions attacking the judgment of conviction.

It may well be that defendant's charges will collapse under the stern test of proffering proof at a hearing. However, upon his unopposed papers we cannot say that the record '' demonstrates the falsity of the allegations and there is no reasonable probability at all that defendant's averments are true '' (*People* v. *Guariglia,* 303 N. Y. 338, 343; see, also, *People* v. *Silverman,* 3 N Y 2d 200, 203; *People* v. *Lain,* 309 N. Y. 291).

Even if we consider the minutes of sentencing, which the court below avowedly refrained from doing, the same result must be reached. Defendant unreservedly admitted his guilt under questioning by the court, but without such an admission defendant would not have been permitted to enter the plea of guilty upon which he had allegedly been promised a suspended sentence. In passing, it should be noted that defendant was not asked whether any promise relating to the sentence had been made to him by any person — a question that has by now become fairly standard in sentencing procedures.

The order appealed from should be reversed on the law and the matter remitted to the Court of General Sessions for a hearing.

Botein, P. J., M. M. Frank, McNally, Stevens and Bergan, JJ., concur.

Order unanimously reversed, on the law, and the matter remitted to the Court of General Sessions for a hearing.