**UNITED STATES ex rel. Tony GARCIA, Petitioner,**

v.

**Edward M. FAY, Warden of Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.

July 24, 1964.

Tony Garcia, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, Ronald J. Offenkrantz, Asst. Atty. Gen., of counsel, for respondent.

WEINFELD, District Judge.

Petitioner, now serving his sentence of two and a half to five years at Green Haven Prison, Stormville, New York, imposed pursuant to a judgment of conviction entered in the County Court, Bronx County, State of New York, upon his plea of guilty of attempted possession of narcotics with intent to sell, seeks his immediate release. He contends that the judgment of conviction is void for violation of his right to due process of law under the Fourteenth Amendment of the United States Constitution. The petitioner's attack upon the validity of the judgment of conviction is two-pronged: (1) that he was the victim of an unlawful search and seizure, and (2) that he was coerced into making incriminating admissions at the time of his arrest.

3. Cf. United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 312 (2d Cir. 1963).

■ As to the first point, it appears that, based on Mapp v. Ohio,[1] petitioner's counsel moved to suppress evidence on the ground that his arrest was without probable cause and the search was made without a warrant and was not an incident of a lawful arrest. The motion was denied. Thereafter, when petitioner appeared for trial, he offered to plead guilty to a lesser crime, attempted violation of section 1751, subdivision 2, of the Penal Law, McKinney's Consol. Laws, c. 40. The District Attorney, in recommending acceptance of the plea, specifically noted the *Mapp* issue could again be raised at trial. The observation was placed on the record in the prosecutor's affidavit submitted pursuant to the Code of Criminal Procedure, section 342-a.[2] Petitioner, represented by independent counsel of his own choice, and fully advised of his right by the prosecution to test anew the issue of claimed unlawful search and seizure, nonetheless decided to plead to the lesser offense, stating he was doing so of his own free will. Thus it is beyond question that he intentionally and deliberately relinquished a known right and privilege.[3] No appeal was taken from the judgment of conviction, nor was the order denying his motion to suppress brought up for review. Having pleaded guilty under the circumstances here disclosed, petitioner cannot now resort to Federal habeas corpus to review the validity of his arrest and the search.[4]

In an effort to overcome this barrier to relief by way of Federal habeas corpus, petitioner alleges that he has material facts of which the State Court that heard his motion to suppress "was unaware," and, had it been apprised of them, his motion might well have been granted. Apart from the fact these "material facts" have not been presented to the State Courts, there is no allegation that petitioner himself was unaware of them at the time the motion was made; accordingly, they cannot be classified as "newly discovered."[5]

■ The petitioner's second claim is that incriminating statements were obtained from him as a result "of verbal threats of the officer's, also the police threatened to take Relator's companion into custody because she lived there, if he did not own up that the narcotics were his." In effect, he claims he was coerced into making the incriminating statements, but nowhere does he allege that his plea of guilty was the result, or forced upon him by reason, of any admissions allegedly wrongfully obtained from him at the time of his arrest.[6]

■ The petitioner did allege, in a State Court motion to inspect the grand jury minutes, made more than a year after the entry of his guilty plea, that it was the result of "force * * * applied at the time of his arrest in the form of a written statement * * * thus giving birth to the illegal indictment." The charge appears to challenge both the plea of guilty and the return of the indictment. In any event, the motion for inspection was denied and no appeal was ever taken therefrom. Petitioner has

1. 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

2. "§ 342-a. Pleas of guilty to lesser offense than that charged; requirements "In any case where the court, upon the recommendation of the district attorney, and in furtherance of justice, accepts a plea of guilty to a crime or offense of a lesser degree or for which a lesser punishment is prescribed than the crime or offense charged, it shall be the duty of the district attorney to submit to the court a statement in writing in which his reasons for recommending the acceptance of such plea shall be clearly set forth. * * * "

3. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); United States v. Rosenberg, 200 F.2d 666, 668 (2d Cir. 1952).

4. United States v. Zavada, 291 F.2d 189, 191 (6th Cir. 1961); United States v. Salzano, 241 F.2d 849 (2d Cir. 1957); United States ex rel. Hazen v. Maroney, 217 F.Supp. 328, 329 (W.D.Pa.1963).

5. See Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

6. See United States v. Guerra, 2d Cir. 1964, 334 F.2d 138 p. 145.

not, at any time, attacked the judgment of conviction in the State Courts on the ground that the plea was coerced. It is clear that there is a presently available State remedy.[7] Accordingly, this branch of the motion is denied for failure to exhaust State procedures, as well as for lack of merit.

The petition is dismissed.

---

7. People v. Picciotti, 4 N.Y.2d 340, 175 N.Y.S.2d 32, 151 N.E.2d 191 (1958); People v. De Flumer, 40 Misc.2d 732, 243 N.Y.S.2d 893 (1963).