■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH CONKLIN, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Westchester County, dated May 9, 1963, which denied without a hearing his application to vacate a judgment of said court, rendered April 24, 1956 on his plea of guilty, convicting him of sodomy in the first degree and sentencing him to serve a term of 7½ to 15 years. Order affirmed. Such affirmance, however, is without prejudice to the prosecution of another *coram nobis* proceeding either: (a) upon proof by the affidavit of

Martha Duff, the attorney who represented defendant at the time he pleaded guilty, or by the affidavits of other persons having knowledge, that he (the defendant) was induced to plead guilty by reason of a promise by the District Attorney that he would be sentenced to serve a term of one to two years; or (b) upon proof by defendant's own affidavit showing that, after the date of the entry of the order hereon, he made a bona fide request of Miss Duff and of the other persons with knowledge (naming or identifying them) for affidavits with respect to the said promise by the District Attorney, and that all of them ignored his request or refused to furnish any affidavit either affirming or denying such promise. Christ, Brennan and Hopkins, JJ., concur; Ughetta, Acting P. J., and Hill, J., dissent and vote to reverse the order and to remit the proceeding to the County Court, Westchester County, for a hearing, with the following memorandum: In our opinion, the present record sufficiently raises an issue of fact which should be resolved by a hearing at which all the available witnesses will testify and will be subject to cross-examination (cf. *People* v. *Vellucci*, 13 N Y 2d 665). Defendant alleged that he had been induced to plead guilty by a promise that a light sentence would be imposed. When sentence of a substantial term was imposed, defendant's former attorney, Martha Duff, immediately moved to set it aside as unduly severe. The Assistant District Attorney in his affidavit states that such former attorney declined to give him an affidavit that she (the attorney) knew of no promise or stipulation as to sentence. We think these elements distinguish this case from *People* v. *Scott* (10 N Y 2d 380) and require that a hearing be held now, without compelling the defendant to submit further preliminary proof as a condtion precedent to a hearing (*People* v. *Picciotti*, 4 N Y 2d 340, 344; *People* v. *Lain*, 309 N. Y. 291, 293; *People* v. *Richetti*, 302 N. Y. 290, 296). It should also be noted that in his brief the defendant now alleges that he did endeavor to communicate with his former attorney but that she ignored his letters. In a *coram nobis* proceeding, one who is incarcerated and who presents an issue of fact should not be required in advance to marshall and to submit *all* his proof by way of corroborative evidence in order to be entitled to a hearing; it is sufficient if he presents a prima facie case.