■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND H. STANTON, Appellant.— Appeal by defendant from an order of the County Court, Dutchess County, entered December 18, 1964, which denied without a hearing his application for a writ of error *coram nobis*. Order reversed and application remitted to the County Court, Dutchess County, for a hearing and for further proceedings not inconsistent herewith. Defendant's petition alleges that a specifically named Assistant District Attorney advised him that he would be given a sentence of 2½ to 5 years if he co-operated. It is sufficiently alleged that this was the defendant's reason for co-operating and pleading guilty. The defendant was sentenced to a term of 5 to 10 years. The Assistant District Attorney does not deny that an agreement with respect to sentence was made but contends that the agreement was for the actual sentence that the defendant received. If the defendant can establish his allegation he would be entitled to *coram nobis* relief (*People* v. *Masselli*, 19 A D 2d 558; *People* v. *Debe*, 19 A D 2d 618). He is entitled to a hearing on that allegation unless his claims are conclusively refuted by unquestionable documentary proof (*People* v. *Pearson*, 12 N Y 2d 978; *People* v. *Picciotti*, 4 N Y 2d 340, 345; *People* v. *Lain*, 309 N. Y. 291, 293; *People* v. *Guariglia*, 303 N. Y. 338, 343). This record does not contain such proof. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ R. W. BAYLOR CO., INC., Respondent, v. RASBY REALTY, INC., Appellant. YORK CORPORATION, Plaintiff, v. R. W. BAYLOR CO., INC., Defendant.— In an action to foreclose a mechanic's lien, defendant Rasby Realty, Inc., apeals from a judgment of the Supreme Court, Richmond County, entered June 3, 1964, in favor of plaintiff R. W. Baylor Co., Inc. Said judgment confirmed the report of a Referee appointed to hear and report. Judgment affirmed, without costs. In support of its sole argument that the Referee's findings were contrary to the weight of allegedly uncontroverted evidence, appellant's brief set forth a detailed factual argument in which it referred only to the hearing transcript. Appellant failed to provide in its appendix any part of the testimony taken before the Referee (cf. CPLR 5528). We are therefore constrained to affirm the judgment (*E. P. Reynolds, Inc.* v. *Nager Elec. Co.*, 21 A D 2d 306; *Perry* v. *Tauro*, 21 A D 2d 804; *Di Francesco* v. *Di Francesco*, 23 A D 2d 740). Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.