**UNITED STATES ex rel. Richard Paul BAKER, Petitioner,**

v.

**Hon. Harold W. FOLLETTE, Warden, Green Haven State Prison, Stormville, N. Y., Respondent.**

**No. 68 Civ. 415.**

United States District Court
S. D. New York.
April 9, 1968.

Richard Paul Baker, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent; Burton Herman, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

The petitioner, imprisoned under a state court judgment of conviction entered upon his plea of guilty, seeks his release upon a claim that the plea was involuntarily entered in violation of his federal constitutional right to due process of law under the Fourteenth Amendment. However, the charge as here presented has never been submitted to the state courts.

Petitioner, when he appeared for re-sentencing (as a first instead of a second felony offender), moved to withdraw his plea of guilty on the ground that the probation officer who had interviewed him had failed to advise the court of petitioner's statement to the probation officer that he was not guilty. His motion was denied after hearing, and upon appeal the sole claim urged in seeking to reverse the denial of his motion was that the court abused its discretion in its failure to ascertain "whether or not the plea entered by the defendant had been entered improvidently." (Appellant's brief, p. 14.) The judgment of conviction was affirmed, leave to appeal to the Court of Appeals denied, and certiorari was denied by the Supreme Court.

Here the petitioner alleges that the main reason he pled guilty was because he felt there was "no way that I could have had a fair trial in this county." While not specifically alleged, the implicit charge is that this circumstance coerced his plea. No motion for a change of venue was made. The claim of abuse of discretion as urged in the state court appeal did not present petitioner's present contention that the plea was coerced or otherwise induced in violation of defendant's constitutional right to due process of law. It presented a claim of legal error, not infringement of constitutional rights.[1] Petitioner has an available remedy in the state courts to challenge the conviction as allegedly induced in violation of constitutional rights.[2] So, too, with respect to his claim, also never presented in the state courts, of violation of his right to effective counsel under the Sixth Amendment.

While it is true petitioner's claims of violation of his federally protected rights against unreasonable search and seizure and to a speedy trial were presented to and rejected by the state courts upon direct appeal, he is nonetheless still required to present his newly asserted contentions of violations of other federal rights to the state courts. The state is entitled in the first instance to pass upon those charges of its alleged infringement of defendant's rights; moreover, if either one is sustained, federal intervention is rendered unnecessary.[3]

The petition is dismissed for failure to exhaust available state remedies.

1. Cf. United States ex rel. Knight v. Fay, 232 F.Supp. 910 (S.D.N.Y.1964); United States ex rel. Birch v. Fay, 190 F.Supp. 105 (S.D.N.Y.1961).

2. See People v. Wright, 11 N.Y.2d 1093, 230 N.Y.S.2d 718, 184 N.E.2d 310 (1962); People v. Picciotti, 4 N.Y.2d 340, 175 N.Y.S.2d 32, 151 N.E.2d 191 (1958); People v. Battice, 6 App.Div.2d 773, 174 N.Y.S.2d 625 (1st Dep't 1958), aff'd, 5 N.Y.2d 946, 183 N.Y.S.2d 564, 156 N.E.2d 920 (1959), cert. denied, 361 U.S. 967, 80 S.Ct. 596, 4 L.Ed.2d 547 (1960).

3. United States ex rel. Cuomo v. Fay, 257 F.2d 438 (2d Cir. 1958), cert. denied, 358 U.S. 935, 79 S.Ct. 325, 3 L.Ed.2d 307 (1959); Terry v. Denno, 254 F.Supp. 909 (S.D.N.Y.1966). See also United States ex rel. Knight v. Fay, 232 F.Supp. 910, 912 (S.D.N.Y.1964); United States ex rel. Rios v. Fay, 232 F.Supp. 368 (S.D.N.Y.1964).