## THIRD DEPARTMENT, JUNE, 1969

## (June 3, 1969)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS RAYMOND WRIGHT, Appellant.— COOKE, J. Appeal from an order of the County Court of Madison County, entered September 25, 1968, which denied, without a hearing, a motion to vacate a judgment convicting defendant of rape in the second degree. Indicted for incest, rape in the second degree and subornation of perjury in the first degree, defendant in 1965 entered a plea of guilty to rape in the second degree in satisfaction of the entire indictment, thereafter receiving an indeterminate sentence of from 5 to 10 years at a State prison. In 1968 defendant instituted this *coram nobis* application, alleging that the plea was induced by promises of the District Attorney, County Judge and Sheriff, with the concurrence of his own counsel, that the charge to which he would plead would be a misdemeanor and that he would be

sentenced to County Jail for six months or placed on probation. This claim was countered by the District Attorney's affidavit stating that no such promise was ever made to defendant or his attorney, it being urged also that the transcript of proceedings prior to and at the time of sentencing clearly indicates that defendant understood the nature and consequences of his plea and that the contentions raised here were not presented on appeal nor until three and a half years following judgment. The sole question presented is whether defendant was entitled to a hearing. The People argue in effect that " [b]are allegations not confirmed by the recorded facts and contrary to the conduct of the defendant and his attorney, are insufficient in law to warrant the granting of a hearing" and that " [d]ue process does not require a court to accept every sworn allegation as true", especially when the District Attorney traverses the applicant's factual allegations, citing cases such as *People* v. *Lake* (14 N Y 2d 790), *People* v. *Scott* (10 N Y 2d 380) and *People* v. *White* (309 N. Y. 636, 640–641). Defendant, on the other hand, presses that " [i]t is only when the record conclusively demonstrates the falsity of the allegations and there is no reasonable probability at all that defendant's averments are true that a hearing will be denied", citing *People* v. *Picciotti* (4 N Y 2d 340, 345), *People* v. *Lain* (309 N. Y. 291), *People* v. *Langan* (303 N. Y. 474), *People* v. *Guariglia* (303 N. Y. 338) and *People* v. *Richetti* (302 N. Y. 290). While these principles advanced by each party may be generally true, it is settled that the mere categorical denial of defendant's allegations by the District Attorney is not alone sufficient to deny a hearing (*People* v. *Pearson*, 12 N Y 2d 978; *People* v. *Richetti*, 302 N. Y. 290, 295, *supra*; *People* v. *Kaufman*, 28 A D 2d 910; cf. *People* v. *Stanton*, 24 A D 2d 876) and, insofar as the record does not contain an explicit statement by defendant (cf. *People* v. *Granello*, 18 N Y 2d 823) or other conclusive demonstration that no promises had been made to him, nor any showing that defendant had a clear opportunity to object to his sentence, neither can it be said here that the transcript is adequate to obviate a hearing (cf. *People* v. *Lofland*, 21 N Y 2d 746; *People* v. *Vellucci*, 13 N Y 2d 665). The lapse between sentence and commencement of this proceeding was not so inordinate as to contribute to a hearing denial (*People* v. *Weldon*, 17 N Y 2d 814) and the present ground for relief is different from the issues raised on appeal from the judgment of conviction (*People* v. *Watford*, 28 A D 2d 858; *People* v. *Wright*, 25 A D 2d 914), *coram nobis* being the appropriate remedy (*People* v. *McCullough*, 300 N. Y. 107, 110). Appellant's allegations, even if considered unlikely or improbable, are neither so incredible as a matter of law nor so clearly refuted by the record that he is not entitled to a hearing (*People* v. *Bagley*, 23 N Y 2d 814; cf. *People* v. *Chait*, 7 A D 2d 399, 401, affd. 6 N Y 2d 855). The situation here is different from that in *People* v. *Scott* (10 N Y 2d 380, 381, *supra*), where the petition alleged " that his attorney told him that if he pleaded guilty he would receive a maximum sentence of 5 years" and where the " allegedly broken promise had been made to his attorney by the Judge or District Attorney". The instant petition at one point alleges that Wright " was made certain promises" by the District Attorney, Sheriff and County Judge " and in full agreement with assigned Counselor". A later paragraph asserts that he " was induced by members of the court and by assigned counselor Mr. Barbano, Esq., to plead guilty — and to what I had been informed, was in direct accordance with pre-promises made to me, and as informed by my assigned counselor, Mr. Barbano, Esq., that said ' pre-promises' by the District Attorney, and the Hon. Judge and the late Sheriff all of Madison County"; another, that " the promises by the District Attorney and the Hon. Judge * * * were only made to induce

the plea." Here, it is not clear that the alleged "promises" were conveyed to Wright solely by his attorney, as was the case of the "promise" in *Scott* (cf. *People* v. *Elfe*, 18 N Y 2d 601). Order reversed, on the law, and matter remitted to the County Court of Madison County for a hearing. Reynolds, Aulisi and Cooke, JJ., concur in memorandum by Cooke, J.; Herlihy, J. P. and Greenblott, J., dissent and vote to affirm in a memorandum by Greenblott, J. Greenblott, J. (dissenting). In this *coram nobis* proceeding, the defendant charges that promises were made to him by the District Attorney, the Sheriff and the court "in full agreement with assigned counselor Mr. Joseph Barbano, Esq.," and that these promises were made "as informed by my assigned counselor", that he would plead guilty to a misdemeanor and would receive either a sentence of six months in Madison County Jail or probation. In a similar case, the Court of Appeals has held that "It was not error to have insisted that petitioner obtain an affidavit from this lawyer who is living and available, as a minimum earnest of good faith to justify the granting of a hearing". (*People* v. *Scott*, 10 N Y 2d 380, 381.) In my opinion, the same principle applies to this case. This is particularly so in view of the appellant's expressed satisfaction with the disposition of his case, indicated both at the time of sentence and in letters to the sentencing court over a period of four years following his incarceration. The order denying appellant's petition for a writ of error *coram nobis* should be affirmed.