■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH MARCUCCI, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated April 1, 1968, which denied the application. Order affirmed. No opinion. Beldock, P. J., Christ, Brennan and Rabin, JJ., concur; Hopkins, J., dissents and votes to reverse the order and to remit the proceeding for a hearing, with the following memorandum: In 1962 defendant was convicted on his plea of guilty to the crime of felonious sale of narcotics. In 1967 he instituted this *coram nobis* proceeding to vacate the judgment of conviction, pleading in his petition that his plea of guilty was induced by a promise of an unnamed Assistant District Attorney that his sentence would not be more than 5 years, whereas in fact he received a sentence of 5 to 15 years. There may be ground to doubt that any promise was made by an assistant district attorney under the circumstances where defendant's plea was accepted in satisfaction of three other indictments also pending against him and he made no objection when he was sentenced to a term inconsistent with the promise alleged. Yet, as I understand the rule, a defendant is entitled to a hearing unless his claims are conclusively rebutted by documentary proof (*People v. Lain*, 309 N. Y. 291, 293). "The manner in which the statement ascribed to the assistant district attorney in this case was made (if made at all), the circumstances surrounding its utterance, its impact upon the accused, whether intended, whether reasonable, are matters to be considered and passed upon at the hearing directed by the Appellate Division" (*People v. Picciotti*, 4 N Y 2d 340, 344). Later cases confirm the rule (*People v. Zilliner*, 14 N Y 2d 834; *People v. Weldon*, 17 N Y 2d 814; *People v. Bagley*, 23 N Y 2d 814). The documentary proof here does not conclusively disprove defendant's claims. Hence, a hearing must be directed to determine the veracity of his statements.

■ . THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER SHULTS, Appellant.— Appeal by defendant from an order of the County Court, Nassau County, dated September 10, 1968. Appeal dismissed. An order denying a motion for resentence is not appealable. We have, nevertheless, examined appellant's contentions and would have affirmed the order if an appeal were proper. Christ, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.