Bruce..G. Dean, J.
Order reversed on the law and the facts, motion granted, and judgment of conviction rendered on June 15, 1964, vacated and set aside.
The defendant, Lawrence J. Millick, by a coram nobis type application, seeks to vacate a 1964 conviction under a plea of guilty, for the crime of driving while intoxicated, on the ground, inter alia, that he had not been advised of his right to assigned or free counsel. As a consequence, he was not represented by counsel at any stage of the proceedings.
In a coram nobis proceeding, where a defendant swears to factual matters, as contained in the affidavit of Lawrence J. Millick, he is entitled to a trial in open court, unless his allegations are conclusively refuted by unquestioned documentary record. (People v. Lain, 309 N. Y. 291, 293.) Such a trial was held in the Ithaca City Court, before the Honorable James J. Clynes, Jr., on July 13, 1970. It is reasonable to infer, there *824 fore, that the documentary record failed to refute conclusively the allegations of defendant. From the Clerk’s minutes under date of July 15, 1964, the record shows, “ Def. appeared, Fully inf.” The minutes are otherwise devoid of any indication that defendant was advised of his right to assigned counsel, as required in sections 8, 308 and 699 of the Code of Criminal Procedure. (People v. Witenski, 15 N Y 2d 392.) The return on appeal, in paragraph “ 6 ” of the affidavit of Virginia Canaan, dated July 30, 1970, sets forth that defendants, charged with traffic misdemeanors, were never advised of their right to assigned counsel prior to 1965. Virginia Canaan was Ithaca City Court Clerk on June 15, 1964.
At page 4 of his brief on this appeal, counsel for the People states that in 1964 it was not the practice in the Ithaca City Court to inform defendants that they had the right to assigned counsel. It is claimed by respondent that this is not error, in that People v. Witenski {supra) is a decision in 1965, and as stated by Judge Bbrgan in his dissent, was a newly announced departure in procedural requirements at 'Special Sessions. It is claimed, therefore, that the right to assigned counsel, as provided in section 308, was not applicable to section 699 of the Code of Criminal Procedure at the time of the conviction of Lawrence J. Milliek on June 15,' 1964; and that the rule in the Witenski case does not have retroactive effect. However, at pages 396 to 398, the Court of Appeals in People v. Witenski cites early authority in New York, by common law and statute, for the practice, principle and duty of the court to assign counsel for poor persons accused of crime. It is the opinion of this court that the rule in People v. Witenski, on the right to assigned counsel, was the procedural requirement in all criminal cases under section 699 of the code at the time of conviction of defendant in 1964. Further, the right of an accused to counsel is a procedural safeguard and enjoys equal eminence with the privilege against self incrimination. (People v. Donovan, 13 N Y 2d 148.) In People v. Loria (10 N Y 2d 368) which involved the issue of unreasonable search and seizure, the court stated, as the general rule, that a defendant’s conviction should be reviewed in the light of the law as it exists at the' time of the review. In applying this principle, the Court of Appeals reversed the conviction of Loria under Mapp v. Ohio (367 U. S. 643), although his conviction, and affirmance by the Appellate Division, were before the decision in Mapp v. Ohio (supra).
*825 If defendant, Lawrence J. Millick, was not advised of his right to assigned counsel, as he claims —and it affirmatively and admittedly appears that he was not so advised — he did not waive his right to assigned counsel under sections 308 and 699 of the Code of Criminal Procedure. The presumption of regularity, which attends a judgment of conviction, has been rebutted. The motion is granted. No other issue is passed upon under this decision. Order reversed.