■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD HUGHES, Appellant.—Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Owens, J.), dated March 23, 1990, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered May 2, 1980.

Ordered that the order is reversed, and the matter is

remitted to the Supreme Court, Kings County, for a hearing on the motion.

In support of the present postjudgment motion, the defendant produced, *inter alia,* a copy of what appears to be an authentic police report. The report includes a summary of a statement made by a prosecution witness, which is clearly exculpatory, and which was not furnished to the defendant at the time of his trial. Although a question exists as to whether this document was falsified, there is no conclusive evidence to that effect. "In the case before us, it may not be said that the [affirmation] of the assistant district attorney * * * 'conclusively demonstrates' the falsity of the defendant's allegations" *(People v Picciotti,* 4 NY2d 340, 345, quoting from *People v Lain,* 309 NY 291, 293; *People v Guariglia,* 303 NY 338, 343; *see also, People v Session,* 34 NY2d 254, 256).

The defendant's motion was not based on his own averments alone, but was also supported by other evidence, including the alleged police report which the People contend was false, without conclusively proving a fabrication *(cf.,* CPL 440.30 [4] [d] [i]). That the defendant's chances of ultimate success in meeting his burden of proof with respect to the issues raised in his motion *(see,* CPL 440.30 [6]) may be slight, or even remote, does not, by itself, furnish a basis to deny the motion without a hearing *(see,* CPL 440.30 [5]; *People v Picciotti, supra).*

The order under review, therefore, is reversed, and the matter is remitted to the Supreme Court, Kings County, for a hearing on all the issues raised in the defendant's motion, at the conclusion of which the court should make its findings and conclusions in accordance with CPL 440.30 (7).

If the defendant does establish by competent evidence that the exculpatory police report is authentic, he still bears the burden of proving that the withholding of the report actually prejudiced his defense at the trial *(see,* CPL 440.10; *People v Jackson,* 78 NY2d 638). In *People v Jackson (supra),* which was decided after leave to appeal had been granted in the present case, the Court of Appeals held that such prejudice must be shown whenever the defendant, in a collateral proceeding, demonstrates the presence of a *Brady* or *Rosario* violation *(see, Brady v Maryland,* 373 US 83; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.