*637 Abdtjs-Saiaam, J.
(concurring). I agree with the majority that the courts below erred as a matter of law in summarily denying defendant’s CPL 440.10 (1) (g) motion. I write separately because I believe that on this record, the motion court had no discretion to deny the motion without a hearing, but instead was required to conduct a hearing pursuant to CPL 440.30 (5). Thus, I would not apply an abuse of discretion analysis in this case because a hearing was required under the statute.
In deciding whether to hold a hearing on a CPL 440.10 motion, a court must look to CPL 440.30 for guidance. That statute instructs on the precise circumstances when the court must “summarily deny” a motion (CPL 440.30 [2]); must grant the motion without conducting a hearing (CPL 440.30 [3]); may deny the motion without conducting a hearing (CPL 440.30 [4]); and must conduct a hearing (CPL 440.30 [5]). CPL 440.30 (5) unequivocally provides that “[i]f the court does not determine the motion pursuant to subdivisions two, three or four, it must conduct a hearing and make findings of fact essential to the determination thereof.”
CPL 440.30 (4) gives the court discretion to deny the motion without a hearing in only four enumerated circumstances. The only such circumstance claimed to be applicable here is that the facts alleged do not constitute a legal basis for the motion (see CPL 440.30 [4] [a]). Thus, if defendant’s allegations supplied a legal basis for the motion, he was entitled to a hearing as a matter of law (see CPL 440.30 [5]; People v Baxley, 84 NY2d 208, 214 [1994]). Contrary to the People’s argument, it is clear that defendant’s motion did allege a ground constituting a legal basis for the motion. He alleged that newly discovered DNA evidence, if established, could entitle him to the relief sought. Specifically, he submitted proof of DNA evidence that would have excluded him as a contributor to some DNA recovered at the crime scene and may have caused a jury to doubt the eyewitness identification that led to his conviction (see People v Ferreras, 70 NY2d 630, 631 [1987] [court erred in denying a motion without a hearing where facts “if established could entitle defendant to the relief sought”]).
CPL 440.30 (4) (a) does not require a movant to establish that he or she would ultimately prevail on the merits of the motion in order to be entitled to a hearing (see People v Hughes, 181 AD2d 912, 913 [2d Dept 1992] [“That the defendant’s chances of ultimate success in meeting his burden of proof with respect to the issues raised in his motion (see, CPL 440.30 [6]) *638 may be slight, or even remote, does not, by itself, furnish a basis to deny the motion without a hearing”]). Rather, the appropriate threshold question for the court is whether the movant alleged any ground constituting a legal basis for the motion. CPL 440.30 (5) clearly contemplates that defendants who make the required prima facie showing have the right to present that evidence at an evidentiary hearing. As was correctly noted by the Appellate Division dissent, ££[i]f the defendant produces post-conviction evidence favorable to him or her, CPL 440.30 (5) requires the court to ‘conduct a hearing and make findings of fact essential to the determination [of the motion]’ ” (109 AD3d at 408-409).
In sum, because defendant’s motion alleged that he had favorable evidence that could entitle him to the relief sought, and the motion had none of the deficiencies set forth in CPL 440.30 (4) (a), (b), (c) or (d), the court did not have discretion to decide the motion without conducting a hearing, and such hearing was required pursuant to CPL 440.30 (5).
Chief Judge Lippman and Judges Read, Smith and Rivera concur; Judge Abdus-Salaam concurs in a separate concurring opinion.
Order reversed and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.