Archie Frank **RAGAVAGE**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17806.

United States Court of Appeals Fifth Circuit.

Nov. 25, 1959.

Rehearing Denied Jan. 22, 1960.

Brown v. United States, 5 Cir., 1955, 228 F.2d 286, 289. Further, the circumstances of his removal from Alabama to Mississippi, whether forcible as contended by him or the result of waiver of extradition as found by the District Court, are of no avail to petitioner. Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541. Finally, the record shows the most extreme patience of the District Judge in carefully explaining to the accused his right to counsel and an intelligent waiver of the right by the accused. See Adams v. United States, 1942, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268, 272–273.

Affirmed.

---

Howard R. Pigford, Meridian, Miss., Paul James Maxwell, Atlanta, Ga., Natie P. Caraway, Meridian, Miss., for appellant.

Robert E. Hauberg, U. S. Atty., Jack McDill, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before RIVES, Chief Judge, BROWN, Circuit Judge, and JOHNSON, District Judge.

PER CURIAM.

This is an appeal from a denial after a hearing of a motion to vacate, 28 U.S.C.A. § 2255, a conviction for kidnapping, 18 U.S.C.A. § 1201, in which a plea of guilty was entered. In connection with the claim that the circumstances of his detention violated the McNabb principle (McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819), we think there is adequate support for the District Court's finding implicit in the denial of the Section 2255 motion that the detention was state and not federal detention. See Papworth v. United States, 5 Cir., 1958, 256 F.2d 125;