Donald Lee **HOPTOWIT**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16384.

United States Court of Appeals
Ninth Circuit.

Feb. 8, 1960.

Donald Lee Hoptowit, White Swan, Wash., in pro. per.

Dale M. Green, U. S. Atty., Robert L. Fraser, Asst. U. S. Atty., Spokane, Wash., for appellee.

Before HAMLEY, JERTBERG and KOELSCH, Circuit Judges.

JERTBERG, Circuit Judge.

Appellant appeals from the order of the district court denying appellant's motion, made under Title 28 U.S.C.A. § 2255, to vacate and set aside the sentence imposed upon him.

Appellant was charged in the district court with three counts of violations of Sections 661, 1151, 1152 and 3242, Title 18 U.S.C.A.

Count one charged that the appellant on the Yakima Indian Reservation, within the Indian country, and within the specific territorial jurisdiction of the United States, did take and steal a 1941 Studebaker sedan automobile belonging to another, which property was of value exceeding $100.00. Count two charged the appellant with stealing and taking a 1942 Ford two-door automobile, the personal property of another, the value exceeding $100.00, committed at the same Indian Reservation mentioned in count one. Count three charged the appellant with stealing and taking a uniform of the armed forces of the United States belonging to another, of value less than $100.00. Upon arraignment the appellant in open court was fully informed by the district judge of the nature of the charges against him—that each of the first two counts charged the appellant with the commission of a felony, and that count three charged the appellant with the commission of a misdemeanor—of

his right to be represented by counsel, and of his right to plead guilty or not guilty to such offenses. Appellant pleaded guilty to each of the offenses charged against him. Appellant was thereupon adjudged guilty of each offense, and on the first count was committed to the custody of the Attorney General for imprisonment for a period of three years. Imposition of sentence was suspended on counts two and three, and the appellant was placed on probation for a period of five years on count two, and for a period of five years on count three, probationary periods under both counts to run concurrently. While confined under the sentence imposed on count one at the United States Penitentiary at McNeil Island, Steilacoom, Washington, appellant filed with the district court in which he was sentenced a petition denominated a writ of habeas corpus. The district court properly treated the petition as a motion attacking sentence under Section 2255, Title 28 U.S.C.A. Appellant's motion was denied without a hearing on January 23, 1959. The motion was heard by the same district judge who imposed the sentence.

Appellant urged in his motion to vacate the sentence: (a) that his plea of guilty was not intelligently made; (b) that he was not sufficiently informed of his rights; and (c) that he was defrauded and coerced to enter his plea of guilty.

▆ At the time of the oral argument before this Court on January 12, 1960, counsel for the appellee advised the Court that appellant was conditionally released from McNeil Island on November 21, 1959, which parole would extend until March 6, 1960. It appears that the probationary sentences imposed under counts two and three will commence at the expiration of appellant's conditional release from the penitentiary. ° The advice given to the Court by the counsel for appellee has since been confirmed by affidavit filed in this cause on January 15, 1960. Counsel for appellee suggests that since appellant has been released from the penitentiary that he is no longer in "custody" and that, therefore, the

remedy afforded by Section 2255, Title 28 U.S.C.A. is no longer available to appellant. No case has been called to our attention by counsel for appellee in support of his suggestion. We reject such suggestion. Title 18 U.S.C.A. § 4203 provides in part, "Such parolee shall be allowed * * * to return to his home * * * upon such terms and conditions * * * as the Board shall prescribe, and to remain, while on parole, in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which he was sentenced." As stated in United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468, at page 469:

"It must be borne in mind that the legal philosophy underlying the parole law is not a release of the prisoner from all disciplinary restraint but is rather merely 'an extension of the prison walls'; and the prisoner while on parole remains 'in the legal custody and under the control of' the Parole Board. 18 U.S.C.A. § 716; Anderson v. Corall, 263 U.S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247; Morgan v. Aderhold (C.C.A.) 73 F.2d 171, 172; Stockton v. Massey, 34 F.2d 96 (C.C.A. 4)."

The Supreme Court of the State of California has held that a parolee is sufficiently within the state's custody as to permit the parolee to maintain a habeas corpus suit. In re Bandmann, 1958, 51 Cal.2d 388, 333 P.2d 339; In re Marzec, 1945, 25 Cal.2d 794, 154 P.2d 873, 875.

In his memorandum decision denying appellant's motion, the district judge stated:

"Petitioner urges that his plea was not intelligently made; that he was not sufficiently informed of his rights. An examination of the transcript of the proceedings, however, discloses the contrary.

"Petitioner makes the further claim that he was defrauded and coerced to enter his plea but he offers no single fact in support of this claim.

"The language of the information charging petitioner with two felonies and one misdemeanor could hardly be more simple. In each of the two counts involving automobile theft the language clearly states that they were each of a value exceeding $100. To this the petitioner entered his plea of guilty. A plea of guilty admits all averments of fact. Weir v. United States [7 Cir.], 92 F.2d 634 [114 A.L.R. 481], and cases cited therein. Such a plea is an admission of record of the truth of whatever is sufficiently charged; waives all defenses other than that the information charged no offense; and relieves the prosecution of the duty to prove the facts. Forthoffer v. Swope [9 Cir.], 103 F.2d 707, and authority there cited. That the two automobiles involved here each exceeded $100 in value is an averment of fact sufficiently pleaded. These facts were admitted by the plea of guilty.

"At the very beginning of the waiver proceeding the court asked if the two counts involving automobile theft charged felonies. The prosecution answered in the affirmative. Petitioner was then asked if he wished to be represented by counsel. He was carefully informed of his constitutional right to such representation and that the court would appoint counsel if he so wished. He declined. At this point the petitioner was again informed by the court that two of the counts against him involved felonies and that if he pleaded guilty he might be put in the penitentiary for five years. He was asked if under those circumstances he still wished to waive counsel. He replied that he did.

"A copy of the information was furnished the petitioner prior to arraignment. It was read to him in open court. He was asked if he understood what the charges against him were. He replied that he did. He was again informed of his right to a lawyer. As the court states, 'I want it clearly understood that you have a right to a lawyer; you understand that?' And at that time the court again stated, 'And you understand that the penalties here are in excess of five years, if guilty?' Petitioner clearly indicated that he understood. Only after all of the foregoing proceedings did petitioner enter his plea.

"I therefore find from the motion and the files and records of the case that the petitioner, Donald Lee Hoptowit, is entitled to no relief."

 We have examined the reporter's transcript taken on arraignment of the appellant and we are satisfied that the district judge was fully justified in reaching the conclusions above expressed. Under the circumstances of this case, the district judge properly concluded that no hearing on appellant's motion was required. See Simmons v. United States of America, 10 Cir., 230 F.2d 73, certiorari denied 351 U.S. 927, 76 S.Ct. 784, 100 L.Ed. 1457.

The order appealed from is affirmed.