Johnny YOUNG, alias Johnnie Clyde Simmons, Appellant,

v.

UNITED STATES of America, Appellee.

Misc. No. 25.

United States Court of Appeals Fifth Circuit.

Oct. 5, 1964.

**754**

Before RIVES, JONES and GEWIN, Circuit Judges.

JONES, Circuit Judge.

The appellant, Johnny Young, having waived counsel, was convicted on his plea of guilty of the offense of interstate transportation of a stolen motor vehicle from Mobile, Alabama, to Pensacola, Florida,[1] on the 13th day of July 1956, and was sentenced to imprisonment for four years. There was no direct appeal, and the record shows the Marshal's return, "Defendant delivered on July 26–56 to U.S.P. at Atlanta, Ga., the institution designated by the Attorney General, with a certified copy of the within judgment and commitment." Appellant is presently confined in the Florida state penitentiary serving sentences for offenses

against that State, but alleges that there is a "federal detainer."

His motion under Section 2255 of Title 28, United States Code, alleged that his federal sentence was illegal on a number of grounds, including the following:

"(c) Petitioner being '20 years of age' and being indigent, under fear, had no counsel for his defense through fear, lack of representation ignorant to law. Lack of knowledge, lack the ways of judical (sic) proceeding persuation (sic) by threats of how much time he would receive, by the state officers in jail and was blindly led into the position of being convicted on a crime he enter (sic) a plea of guilty through fear. Of which he could have proven his innocent (sic) with the aid of a counsel. Wherefore Your Petitioner ask (sic) this Honorable Court to vacate and set aside his illegal sentence."

The district court denied the section 2255 motion without a hearing, on the ground that,

" * * * it affirmatively appearing that the files and records of the case, Pensacola Criminal No. 5121, conclusively show that petitioner is entitled to no relief, the official file of his sentencing showing that he was, in fact, fully and accurately informed of his constitutional rights in every regard prior to his entering a plea of guilty, and that he by his own free will and accord signed waiver of indictment, counsel and venue * * *."

On the same ground, the district court denied leave to appeal in forma pauperis and certified under 28 U.S.C. § 1915 that the appeal is not taken in good faith. The rulings of the district court can be sustained only if " * * * the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *." 28 U.S.C.A. § 2255. Before us is an appeal from the order of the district court.

1. In violation of the Dyer Act, 18 U.S.C.A. § 2312.

The appellant sought to have his conviction set aside under 28 U.S.C.A. § 2255.[2] Since it is stated in the petition by which the appellant sought to invoke the jurisdiction of the district court that he was held in a prison of the State of Florida, it is clearly apparent that he is not a prisoner in custody under sentence of a federal court. He was in state custody. The question of jurisdiction under Section 2255 was not raised or passed upon in the district court, but if there is a lack of jurisdiction it can and should be here raised by the Court of its own motion. It has been well said that "the party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the competence of such a court. * * * The rule is that the parties cannot confer jurisdiction which has not been vested in the court by the Constitution and Congress. The parties cannot waive lack of jurisdiction, whether by express consent, or by conduct, nor yet even by estoppel. The court, whether trial or appellate, is obliged to notice want of jurisdiction on its own motion." Wright, Federal Courts 14–15. It is pointed out by Professor Wright that Fed.R.Civ.Proc. 12(h), 28 U.S.C.A., provides that "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." If the district court entered an order denying relief in a proceeding where it was acting without jurisdiction this Court should sustain its action even though it did not consider the jurisdictional question.

Since United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, it has been understood that a proceeding under Section 2255 is the substantive equivalent of habeas corpus. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d. 417, reh. den. 369 U.S. 808, 82 S.Ct. 640, 7 L.Ed.2d 556. See Larson v. United States, 5th Cir. 1960, 275 F.2d 673, cert. den. 363 U.S. 849, 80 S.Ct. 1627, 4 L.Ed.2d 1732, where the rule is followed and the Hayman case is discussed. The first of the Supreme Court's recent pronouncements is in Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407, where it is said that Section 2255 is available only to attack a sentence under which a prisoner is in custody.

The opinion of this Court in Shelton v. United States, 5th Cir. 1957, 242 F.2d 101, requires consideration as to whether jurisdiction should be asserted by treating the appellant's Section 2255 motion as an application for a writ of coram nobis. In the Shelton case an application was made under Section 2255 by a petitioner who had been given a conditional release from the sentence he sought to have vacated. His status was the same, in regard to his movements, as one on parole. Although citing Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247,[3] the Court thought the authorities were divided on the question as to whether the petitioner Shelton was in custody while on parole. The Section 2255 application was treated as an application for coram nobis and, so treating it, the Court decided that the cause should be remanded. The Court, in an en banc rehearing, set aside the judgment of the panel and held that the judgment of the district court should be affirmed. Shelton v. United States, 5th Cir. 1957, 246 F.2d 571. The Supreme Court, by a brief per curiam opinion, vacated the judgment of

2. "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C.A. § 2255.

3. "While on parole the convict is bound to remain in the legal custody and under the control of the warden until the expiration of the term * * *." 263 U.S. 193, 196, 44 S.Ct. 43, 44, 68 L.Ed. 247, 254.

this Court and remanded to the district court. Shelton v. United States, 356 U.S. 26, 79 S.Ct. 563, 2 L.Ed.2d 579.

Neither the Court of Appeals sitting en banc nor the Supreme Court considered the basis for jurisdiction; nor did either express any view as to whether jurisdiction was exercised under Section 2255 or of a coram nobis proceeding. If any doubt was left by Anderson v. Corall, the doubt has been put to rest by the unanimous decision of the Supreme Court in Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, 92 A.L.R.2d 675. There it was held that a state prisoner, placed on parole, was under such restraint as would support the issuance of habeas corpus. See Hoptowit v. United States, 9th Cir. 1960, 274 F.2d 936. We need not consider the various degrees of restraint under the parole and probation systems of the several states. See Annotation 92 A.L.R. 2d 675, 682. Shelton was convicted of a federal offense. Federal restraint over a parolee is no less than that considered by the Court in Jones v. Cunningham. The rule there stated is of course applicable in Section 2255 cases such as Shelton. In the light of the Anderson and Jones cases there was such "custody" in Shelton as sustained Section 2255 jurisdiction and we do not think the Supreme Court held otherwise. Van Meter v. Sanford, 5th Cir. 1938, 99 F.2d 511, holding that the moral restraint of parole is not such custody as will support habeas corpus, is no longer a controlling precedent.

■ Our record does not disclose how Young got out of federal prison and into a Florida prison. If we were permitted to indulge in a conjecture or surmise, of which we are so critical when done by those tribunals whose decisions we review, we might conjecture or surmise that he had been given a conditional release or parole from the place where he had been confined by federal authority and had then been taken into custody by the Florida law enforcement officers. But if we had some proof of what we cannot surmise or conjecture, we would be unable to treat the conditional release or parole as federal custody to support Section 2255 jurisdiction. Young is in the Florida penitentiary. There cannot be dual or joint custody. An order of release under Section 2255 would be a nullity. We think there was no custody as to sustain jurisdiction under Section 2255.

■■ We think we ought not to follow the rule stated in Crow v. United States, 9th Cir. 1950, 186 F.2d 704, where the Court refused to treat a motion under Section 2255 as an application for relief under Fed.R.Crim.Proc. 32(d), 18 U.S. C. In so doing the Court said, "Courts cannot be required to search for possible grounds upon which to grant relief. Their function is performed when they dispose of matters properly presented." 186 F.2d 704, 706. Rather we would adopt the practice of the Tenth Circuit which has said that "A Section 2255 motion can be treated as an application for a writ of coram nobis, and the validity of the sentence may then be tested, in an appropriate case." Igo v. United States, 10th Cir. 1962, 303 F.2d 317, 318. But it is only in an appropriate case that coram nobis will lie. It is an extraordinary remedy and one that should be allowed only under circumstances compelling such action to achieve justice. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. In the Morgan case relief by coram nobis was granted because the federal conviction was taken into account by a state court in imposing sentence for a state crime. In Marcello v. United States, 5th Cir. 1964, 328 F.2d 961, this Court sustained coram nobis relief where the judgment of conviction was being made the basis of a deportation order. We find no circumstance here that compels the treatment of the Section 2255 motion as an application for a writ of coram nobis. This case is not unlike Ragavage v. United States, 5th Cir. 1959, 272 F.2d 196, cert. den. 363 U.S. 806, 80 S.Ct. 1241, 4 L.Ed.2d 1149. Ragavage was convicted of kidnapping on his plea of guilty. He was in state custody when he sought 2255 relief.

In a per curiam opinion the denial of relief was affirmed. The Shelton opinion was not mentioned.

To hold that this cause should be entertained on a coram nobis theory would open the door to all manner of applications where, as here, no relief could be granted. The appeal should be and is

Dismissed.

RIVES, Circuit Judge (dissenting).

This case came before us on the appellant's motion for leave to appeal in forma pauperis. As presiding judge, I submitted to my brothers a proposed one-sentence order reading, "Leave to appeal in forma pauperis is hereby granted." It was, and still is, my thinking that the allegation of a coerced plea of guilty depends on facts dehors the record, that the section 2255 motion should not have been denied without a hearing,[1] and hence that leave to appeal in forma pauperis should be granted.

My brothers, however, raise, sua sponte, as a jurisdictional obstacle their view that the movant is not in federal custody because the record discloses that he is in a Florida state penitentiary serving sentences for offenses against that State. The movant, appearing pro se, made the further allegation that there is a "federal detainer."

With deference, I submit that it is my brothers who are permitting themselves to "indulge in a conjecture or surmise"

when they reach the conclusion, without any opportunity for the movant to be heard on the issue, that the record affirmatively discloses an absence of jurisdiction. The record does not show that movant's federal sentence has expired, and clearly it has not or he would not be here complaining. If we granted leave to appeal in forma pauperis, and the facts on this new issue were developed on the hearing on the merits as would be proper,[2] we might know officially that the movant was conditionally released on parole from the federal penitentiary with a part of his federal sentence unserved. If, as the majority holds, the movant must begin actually serving the remainder of his allegedly illegal federal sentence before he can test its legality, it may well be that his sentence will have been served before its legality can be tested.

An absence of remedy which would require service of any part of an illegal sentence is a gross inadequacy. I submit that our modern federal procedure is not subject to that criticism.[3] The simplest answer is that the prisoner remains "while on parole, in the legal custody and under the control of the Attorney General, until the expiration of the maximum term * * * for which he was sentenced." 18 U.S.C. § 4203.[4] Likewise, a state prisoner on parole remains "in custody" within the meaning of the federal habeas corpus statute, 28 U.S.C. § 2241.[5]

---

1. See Waley v. Johnston, 1942, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473.

2. See Fallen v. United States, 1964, 378 U.S. 139, 143, 84 S.Ct. 1689, 12 L.Ed. 2d 760.

3. That is indicated by the direction that our Rules of Civil Procedure "shall be construed to secure the just, speedy and inexpensive determination of every action," and by the similar purpose and construction of our Rules of Criminal Procedure: "These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the

elimination of unjustifiable expense and delay."

4. See Anderson v. Corall, 1923, 263 U.S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247. United States v. Brilliant, 2 Cir. 1960, 274 F.2d 618, 620; Hoptowit v. United States, 9 Cir. 1960, 274 F.2d 936.

5. Jones v. Cunningham, 1963, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285. The word "custody" as used in section 2255 has the same meaning as in habeas corpus. Shelton v. United States, 5 Cir. 1957, 242 F.2d 101, 110; see subsequent en banc opinion, 246 F.2d 571 at 577, 578; and per curiam opinion of Supreme Court, 356 U.S. 26, 79 S.Ct. 563, 2 L.Ed.2d 579; United States v. Glass, 4 Cir. 1963, 317 F.2d 200, 203.

My brothers, however, raise the conceptual objection that: "Young is in the Florida penitentiary. There cannot be dual or joint custody. An order of release under Section 2255 would be a nullity. We think there was no custody as to sustain jurisdiction under Section 2255."

With deference, I submit that such a barren conceptual objection is not sound, and should not operate to deprive the movant of any effective remedy. There was a "federal detainer," thus continuing the "legal custody and * * * control of the Attorney General." 18 U.S.C. § 4203. That statute contains no exception to its requirement that a prisoner "remain, while on parole, in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which he was sentenced." With deference, I submit that my brothers have no authority to amend that statute so as to except the time which the prisoner may spend in a State prison.[6]

Abstract questions of "custody" of a prisoner as between State and federal authorities are matters of comity between sovereigns which present no obstacle to a trial by the other sovereign.[7] Conversely, such questions should present no obstacle to the assertion of a prisoner's rights.

Moreover, if there is not such custody as to permit the exercise of section 2255 jurisdiction, we should, as in the Shelton case, cited supra n. 5, " 'treat the record

as adequately presenting a motion in the nature of a writ of error coram nobis enabling the trial court to properly exercise its jurisdiction.' " 242 F.2d at 101, 111. This proposition was followed on en banc rehearing. See 246 F.2d 571 at 577, 578. The Supreme Court's per curiam order of reversal, 356 U.S. 26, necessarily held by implication that the district court had jurisdiction.

Indeed my brothers concede as much, but express uncertainty "as to whether jurisdiction was exercised under Section 2255 or of a coram nobis proceeding." To me that seems immaterial. By one route or the other, jurisdiction existed.

I differ with my brothers' further objections to the treatment of the motion as an application for a writ of coram nobis, which, as I understand them, are: (a) that no relief can be granted; and (b) that the circumstances do not compel such action to achieve justice. With deference, I submit that the responses to those objections are too obvious to require statement. In any event, those objections are not jurisdictional, but are matters requiring the exercise of discretion in a case which has not yet been heard by this Court on its merits.

The district court did not doubt its jurisdiction. That doubt has arisen on this Court's consideration of the motion for leave to appeal in forma pauperis. The record does not disclose that the district court lacked jurisdiction. Leave to appeal in forma pauperis should be granted. I respectfully dissent.

---

6. It is interesting to note that section 4203 does not expressly grant to the Attorney General the discretion granted in the case of a prisoner who has served his term less good-time deductions: "This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody." 18 U.S.C. § 4164.

7. Ponzi v. Fessenden, 1922, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607; Strand v.

Schmittroth, 9 Cir. 1957, 251 F.2d 590, 599; 22 C.J.S. Criminal Law § 111. See also, Myers v. Hunter, 10 Cir. 1952, 199 F.2d 662; Welch v. Taylor, 1961, 292 F.2d 481, 483 which concludes: "Had the petitioner complied with the conditions of his release, he would have completed his federal sentence even though he was imprisoned in the Texas State Penitentiary during a portion of the time that he was on conditional release."