UNITED STATES of America,
Plaintiff-Respondent,

v.

Gerald Francis DeMARIO, Defendant-Petitioner.

Crim. No. 38997.

United States District Court
E. D. Michigan, S. D.

Nov. 4, 1965.

Lawrence Gubow, U. S. Atty., for the United States.

Gerald DeMario, pro. per.

KAESS, District Judge.

Petitioner, Gerald Francis DeMario, was sentenced in the United States District Court for the Eastern District of Michigan, on November 16, 1961, for violation of the Dyer Act, (Title 18 U.S.C.A. § 2312) under Section 5010(b) of the "Federal Youth Corrections Act", Title 18, U.S.C.A., Ch. 402, by virtue of 18 U.S.C. § 4209, which provides that young adult offenders between the ages of 22 and 26 may be sentenced under that Act.

After serving a period of time in the Federal Correctional Institution at Chillicothe, Ohio, he was conditionally released pursuant to 18 U.S.C. § 5017(c). On April 13, 1965 he was convicted in a Michigan state court for attempted larceny and was sentenced to a term of 23 to 24 months. He is presently incarcerated at the State Prison for Southern Michigan at Jackson, Michigan. A federal parole violation warrant was issued on February 15, 1965 and filed with the United States Marshall. It was later sent to the Jackson prison as a detainer.

Petitioner communicated with this court, advising it that under 28 U.S.C. § 2255 a sentence may be vacated, set aside, or corrected if it was in excess of the maximum allowed by law, and that while the maximum penalty under the Dyer Act is five years, he received a 6-year sentence under the Youth Corrections Act. After some correspondence, it was determined that petitioner wished this letter treated as a motion under 28 U.S.C. § 2255. A petition to proceed in forma pauperis has been filed and granted.

It is well settled that in order to obtain relief under 28 U.S.C. § 2255 the petitioner must be in Federal custody under the sentence which he seeks to attack. Igo v. United States, 303 F.2d 317 (10th Cir. 1962); Migdol v. United States, 298 F.2d 513, 91 A.L.R.2d 1283 (9th Cir. 1961); United States v. Campbell, 278 F.2d 916 (7th Cir. 1960). However, it has been held that a person on parole under a federal sentence is still in "custody", so that the remedy afforded by this section is available to him. Hoptowit v. United States, 274 F.2d 936 (9th Cir. 1960). See also, United States v. DeGregory, 220 F.Supp. 249 (E.D.Pa. 1963) (federal probation sufficient custody for § 2255); Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (state parole sufficient custody for 28 U.S.C. § 2241). Thus, it is clear that were petitioner at liberty under the conditional release, the remedy afforded by this section would be available to him. It should not be unavailable merely because, while conditionally released from federal prison, he is in the physical custody of the Michigan Department of Corrections. Conceding that the result might be different under the adult sentencing provisions and Sections 4205 and 4207 of Title 18, which provide in effect for suspension of the federal sentence during state incarceration, in a situation such as this, where the federal term continues uninterruptedly regardless of state imprisonment and petitioner, upon release by state officials, is subject to being picked up at any time by federal officials, there is sufficient federal "custody" for the purposes of § 2255. See, Jones v. Cunningham, supra.

Furthermore, Section 2255 does not supersede all remedies that can be invoked to determine the validity of a judgment and sentence when the defendant is

no longer in custody under the sentence. A § 2255 motion can be treated as an application for a writ of error coram nobis and the validity of the sentence tested in an appropriate case. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L. Ed. 248 (1954). This extraordinary remedy should only be allowed "under circumstances compelling such action to achieve justice." United States v. Morgan, supra, at 511, 74 S.Ct. at 252; Igo v. United States, supra; Migdol v. United States, supra. There is no reason or justice in requiring petitioner to wait until he is returned to a federal correctional institution to serve the sentence he contends is unconstitutional, when a determination of its constitutionality may be made now to avoid the possibility of petitioner serving even one day which he should not be required to serve. Thus, even assuming that petitioner is not sufficiently in federal custody to authorize a motion under § 2255, this court may treat this as an application in the nature of the writ of error coram nobis and proceed to consider the application on the merits.

It appears from an examination of the record, including the transcript of the arraignment, that petitioner was informed by the court of the adult offender sentencing provisions of the Dyer Act, but was not informed of the sentencing provisions of the Federal Youth Corrections Act, prior to his plea of guilty.

■■ This Court is of the opinion that the case of Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963), correctly states the requirements of the law in this regard, that is, that a defendant subject to the provisions of the Federal Youth Corrections Act must be informed of its penalties prior to the Court's accepting a plea of guilty from such defendant in the event the Federal Youth Corrections Act is actually used by the court in subsequent sentencing. McCullough v. United States, 231 F.Supp. 741 (N.D.Fla. 1964); Rowe v. United States, 227 F. Supp. 666 (W.D.Wisc.1964).

The Court does not now decide that petitioner is entitled to relief under 28 U.S.C. § 2255. As stated in Pilkington, whether the guilty plea was made voluntarily and understandably is a question of fact to be determined after inquiry. Hearing may disclose that petitioner, before pleading guilty, was actually aware of the possible penalties under the Federal Youth Corrections Act, having been informed by the Probation Officer with whom he may have conferred prior to trial, or by someone else.

It is ordered, therefore, that a hearing on the question of DeMario's knowledge of the sentencing provisions of the Federal Youth Corrections Act be held, unless the United States concedes that it is unable to establish that knowledge. In this event, the Court will vacate the sentence. The criminal charges on which petitioner plead guilty, thus will remain outstanding, and will be dealt with according to the appropriate procedure.