**Robert T. MATHIS, Appellant,**
v.
**UNITED STATES of America,
Appellee.**
No. 10335.

United States Court of Appeals
Fourth Circuit.

Argued May 3, 1966.
Decided Oct. 25, 1966.

Harry J. Haynsworth, IV, Greenville, N. C., (Court-assigned counsel) for appellant.

Alton T. Cummings, Asst. U. S. Atty., (Robert H. Cowen, U. S. Atty., on the brief) for appellee.

Before SOBELOFF, BOREMAN and J. SPENCER BELL, Circuit Judges.

SOBELOFF, Circuit Judge:

From the District Court's denial of his petition for a writ of error coram nobis, Robert T. Mathis prosecutes this appeal.

On September 19, 1961, Mathis, after waiving counsel, pleaded guilty to a charge of falsifying a United States Army voucher for reimbursement of travel expenses, in violation of 18 U.S. C.A. § 1001. He was sentenced to a prison term of one year and one day, suspended, however, on two years probation and on the special condition that he make restitution.

A federal bench warrant was issued on June 5, 1962, for his arrest as a parole violator. On June 21, 1962, before the warrant was served, he was taken into custody by Florida officials on a charge of a state crime and a federal detainer was then lodged with the state officials. Mathis was convicted of the state offense on February 18, 1963, and is presently serving a sentence therefor in Florida.

Before filing his petition for a writ of coram nobis, Mathis made two unsuccessful attempts to obtain relief under 28 U.S.C.A. § 2255. In his first section 2255 petition he complained that the federal bench warrant, though issued earlier than the state warrant, was not served until after he had been taken into state custody and that this amounted to a waiver of federal jurisdiction and foreclosed the filing of a detainer. The District Court denied relief and we dismissed the appeal as frivolous.[1] Mathis' second section 2255 petition, in which he attacked both the voluntariness of his guilty plea and the validity of his waiver of counsel, was denied by the District Court without a hearing on the ground that Mathis was not "in custody under sentence of a court established by Act of Congress" as required by section 2255. Again, we dismissed Mathis' appeal.[2]

In petitioning for the writ of coram nobis, Mathis raises the same contentions as in his second section 2255 petition. In his brief and on oral argument, the United States Attorney, with admirable candor, concedes that the trial judge's explanation to Mathis of his right to appointed counsel was insufficient under Rule 44 of the Federal Rules of Criminal Procedure, and that Mathis' waiver of counsel was therefore invalid.[3] Mathis also contends that the

1. Memorandum Order, No. 9315, Jan. 21, 1964.

2. Memorandum Order, No. 9421, May 1, 1964, reconsideration denied, July 6, 1964.

3. The following colloquy occurred at trial:
    THE COURT: You have received a copy of the indictment concerning the charge against you. Do you understand the nature of this charge?
    MR. MATHIS: No sir, I haven't read it. (The defendant reads the indictment.)
    THE COURT: Have you read the indictment?

    MR. MATHIS: Yes sir.
    THE COURT: Do you understand the nature of the charge against you?
    MR. MATHIS: Yes sir.
    THE COURT: Do you have a lawyer?
    MR. MATHIS: No sir.
    THE COURT: Do you want a lawyer?
    MR. MATHIS: I would like to have legal assistance.
    THE COURT: Have you made any effort to employ a lawyer?
    MR. MATHIS: No sir, I haven't.
    THE COURT: Why haven't you?

Assistant United States Attorneys in charge of the prosecution offered to get him probation if he would plead guilty and make restitution, and that this deprived his guilty plea of its voluntary character. The transcript shows that on the morning of September 19, 1961 Mathis had pleaded not guilty to the indictment, but that after lunch he changed his plea to guilty. One of the Assistant United States Attorneys acknowledged in open court that he had spoken to Mathis during the lunch hour, and he did not deny making the claimed promise. Before accepting the guilty plea the Judge advised the defendant that he could withdraw his plea of not guilty as long as this was done "freely and voluntarily and without any threats or coercion or promises." Upon recommendation of the prosecutor, the trial judge then placed the defendant on probation conditioned on his making restitution.

When Mathis filed his petition for a writ of *coram nobis* the District Court held that the guilty plea was voluntary, but declared that the facts alleged in the petition would ordinarily warrant granting *coram nobis* to determine the voluntariness of the waiver of counsel. The court, however, felt constrained to deny the writ solely because the petitioner was suffering no "present restraint or imposition" from the conviction.[4]

Since the United States concedes that the conviction should be set aside on the ground of the inadequacy of the waiver of counsel, we have no occasion to express an opinion on the voluntariness of the guilty plea.[5]

The sole issue on this appeal is whether *coram nobis* is available to challenge a conviction and sentence which the petitioner is to serve in the future, in the absence of an allegation that his present eligibility for parole is impaired.[6]

*Coram nobis* was available at common law to correct errors of fact not appearing in the record.[7] It has been adopted by many states and its use broadened beyond the limited grounds recognized at common law.[8] Lower federal courts have

MR. MATHIS: I was waiting on papers but they did not arrive but I have some in my pocket were served [sic].

THE COURT: Do you want an opportunity this morning to consult with an attorney and make arrangement with one to represent you?

MR. MATHIS: No sir.

THE COURT: Do you desire to proceed to trial without the assistance of an attorney?

MR. MATHIS: Yes sir.

THE COURT: Let the record show the defendant waives counsel.

The clear implication of the trial judge's questions was that Mathis was free to hire a lawyer to represent him. There is nothing from which Mathis could have gleaned that he was entitled to free court-appointed counsel if he so desired. See, e.g., Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); United States ex rel. Brown v. Fay, 242 F.Supp. 273 (S.D.N.Y.1965) (Weinfeld, J.).

4. 246 F.Supp. 116, 122 (E.D.N.C.1965).

5. The District Court treated the issue of voluntariness of the plea without considering the effect of the trial judge's conceded failure to inform Mathis of his right to court-appointed counsel in accordance with Rule 44. In that posture the court found that Mathis' guilty plea was voluntary, and that Rule 11, directing the court to determine whether the plea is made "voluntarily with understanding of the nature of the charge," had been complied with. However, in the circumstances outlined in n. 3 supra, the failure to provide the defendant with the assistance of counsel raises a serious question as to the validity of his guilty plea.

6. Usually the pendency of a detainer warrant suspends eligibility for parole, either as a matter of law or practice. However, no allegation or argument on this ground has been made here and we need not pursue this aspect of the case.

7. See United States v. Morgan, 346 U.S. 502, 507, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

8. E.g., People v. Picciotti, 4 N.Y.2d 340, 175 N.Y.S.2d 32, 151 N.E.2d 191 (1958) (coram nobis available on allegation that guilty plea was induced by threats of Assistant District Attorney); People v. Silverman, 3 N.Y.2d 200, 165 N.Y.S.2d 11, 144 N.E.2d 10 (1957) (coram nobis available on allegation of impairment of right

for some time employed the writ as another weapon in the defendant's arsenal of post-conviction remedies.[9] In 1954, the Supreme Court sanctioned the use of the writ to challenge a conviction procured "under circumstances compelling such action to achieve justice."[10] In United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), the defendant pleaded guilty to a federal charge and was sentenced to a term of four years, which he served. Subsequently, upon his conviction on a state charge and enhanced sentence as a second offender, he applied for a writ of error coram nobis to set aside the federal conviction on the ground that he had not been furnished counsel, in violation of his constitutional rights. The Court held the writ available under the all-writs section of the Judicial Code.[11] It rejected the argument that the "in custody" provision of section 2255 "should be construed to cover the entire field of remedies in the nature of coram nobis in federal courts." 346 U.S. at 510, 74 S.Ct. at 252. The Court said:

"We see no compelling reason to reach that conclusion. In United States v.

Hayman, 342 U.S. 205, 219 [72 S.Ct. 263, 272, 96 L.Ed. 232], we stated the purpose of § 2255 was 'to meet practical difficulties' in the administration of federal habeas corpus jurisdiction. We added: 'Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights or collateral attack upon their convictions.' We know of nothing in the legislative history that indicates a different conclusion. We do not think that the enactment of § 2255 is a bar to this motion, and we hold that the District Court has power to grant such a motion [for coram nobis]." 346 U.S. at 510–511, 74 S.Ct. at 252.[12]

Although the sentence had already been served the Court did not think this significant since the conviction might carry with it future adverse consequences. "Subsequent convictions may carry heavier penalties, civil rights may be affected. As the power to remedy an invalid sentence exists, we think, respondent is entitled to an opportunity to attempt to show that his conviction was invalid."[13]

---

to counsel); see Note, 13 Syracuse L.Rev. 116 (1961); Note, 34 Cornell L.Q. 596 (1949).

Compare Commonwealth ex rel. Stevens v. Myers, 419 Pa. 1, 213 A.2d 613 (1965), where the court refused to dismiss a habeas corpus petition challenging a future sentence. See also State v. Losieau, Neb., 144 N.W.2d 435 (July 29, 1966) (habeas corpus available to challenge future sentence despite absence of allegation of present adverse effect); Ex parte Chapman, 43 Cal.2d 385, 273 P.2d 817 (1954) (habeas corpus available where future sentence impairs present eligibility for parole).

9. See cases cited in United States v. Morgan, 346 U.S. 502, 509–510, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

10. Id. at 511, 74 S.Ct. at 252.

11. 28 U.S.C.A. § 1651 (1964).

12. Thus, the Court's later holdings in Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), that there is no jurisdiction to entertain a § 2255 motion with respect to a sentence to be served in the future does not pre-

clude *coram nobis* relief. See Thomas v. United States, 106 U.S.App.D.C. 234, 271 F.2d 500, 504 (1959).

13. United States v. Morgan, supra n. 9 at 512–513, 74 S.Ct. at 253.
In like vein Chief Justice Warren has said:
"Conviction of a felony imposes a *status* upon a person which not only makes him vulnerable to future sanctions through new civil disability statutes, but which also seriously affects his reputation and economic opportunities. And the fact that a man has been convicted before does not make the new conviction inconsequential. There is, after all, such a thing as rehabilitation and reintegration into the life of a community." Parker v. Ellis, 362 U.S. 574, 593–594, 80 S.Ct. 909, 920, 4 L.Ed.2d 963 (1960) (dissenting opinion).

See also Jones v. Cunningham, 294 F.2d 608, 612–613 (4th Cir. 1961) (concurring opinion). The Supreme Court, in reversing, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), expressed similar views on this question.

While in *Morgan* the defendant's status as a second offender constituted a "present imposition" flowing from the prior conviction, the Court did not expressly or impliedly lay down such a requirement for the granting of the writ. Indeed, to the extent that the "present imposition" doctrine is analogous to the "in custody" proviso in section 2255, the Court implicitly rejected it as a prerequisite to the grant of coram nobis by holding that Congress did not intend to restrict other post-conviction remedies by enacting section 2255. This was recognized by the District of Columbia Circuit in Thomas v. United States, 106 U.S.App.D.C. 234, 271 F.2d 500 (1959). There the court, after denying relief under section 2255 on the ground that the petitioner was not presently confined under the conviction being attacked, treated the petition as one requesting coram nobis and granted relief. The court stated that

> "The net of the situation is that while Congress, in Section 2255, was affording a new remedy for post conviction attacks on a federal sentence, no congressional purpose can be divined to exclude ancient remedies where the new one does not reach the particular problem." 271 F.2d at 504.

The District Court, in adopting the view that coram nobis is available only upon a showing of present adverse effect from the conviction sought to be set aside, relied heavily upon Martin v. Commonwealth of Virginia, 349 F.2d 781 (4th Cir. 1965), and Young v. United States, 337 F.2d 753 (5th Cir. 1964). These cases do not in our opinion support the District Court's conclusion. *Martin* held that the "in custody" provision of 28 U.S.C.A. § 2241 was satisfied by an allegation that the petitioner's present right to be considered for parole was impaired by the conviction sought to be vacated, even though the petitioner had not yet commenced serving the sentence imposed under that conviction. Relief was held available in that proceeding

and there was no attempt or need to resort to coram nobis. In *Young*, the Fifth Circuit denied section 2255 relief on the ground that the petitioner, a state prisoner seeking to vacate a prior federal sentence under which he had presumably been paroled, was not "in custody" under sentence of a federal court. Assuming *arguendo* that the "custody" in the present case is insufficient to satisfy *Martin* and is comparable to that found inadequate in *Young*, the reasoning of neither case suggests that *coram nobis* relief should be denied in the present circumstances. While it is true that the court in *Young* went on to consider the section 2255 petition as an application for a writ of coram nobis, and then denied relief, the same court, less than a year later, granted a writ of coram nobis to contest a sentence service of which would not begin for 15 years. See Johnson v. United States, 344 F.2d 401 (5th Cir. 1965). Our District Court distinguished *Johnson* on the ground that there two convictions were being challenged and that if the earlier one was set aside Johnson would immediately be in custody under the later one. However, *Johnson* does not rely on this fact and its reasoning is much broader than the narrow ground identified by the District Court. One basis upon which Johnson attacked the later conviction was that he lacked the requisite mental capacity to commit the offense and to stand trial. In granting the writ of coram nobis, the court said:

> "to put off for ten or fifteen years consideration of Johnson's mental competency with regard to the contempt conviction until he begins serving that sentence will certainly frustrate, if not foreclose forever, any intelligent answer to these related questions which depend so much on evanescent psychiatric data and opinions." 344 F.2d at 411.

In that instance no claim was advanced that there was a present adverse effect

on the sentence being served. In addition to *Johnson,* a number of cases decided after *Morgan* have not hesitated to hold coram nobis available notwithstanding the absence of a present adverse effect stemming from the conviction sought to be vacated.[14]

■ Even in section 2255 cases the "in custody" requirement has been consciously relaxed to reduce its impact upon prisoners having a just claim to relief. The Supreme Court decided in Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), that a parolee was "in custody" for jurisdictional purposes under section 2255. Where the conviction sought to be vacated is not being served but diminishes the prisoner's current eligibility for parole, we held that he is "in custody" within the meaning of section 2241. Martin v. Com. of Virginia, 349 F.2d 781 (4th Cir. 1965). In so doing, we recognized, in the words of Mr. Justice Black, that habeas corpus "is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose—the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty." [15] In light of these developments it would be anomalous at this date to read into coram nobis a stringent requirement that the petitioner show a "present adverse effect."

■ Mathis has in fact demonstrated a sufficient "present adverse effect" to entitle him to relief.[16] The federal detainer placed with Florida officials precludes his immediate release upon completion of his state sentence. The consequences of denial of coram nobis relief would be that after the state sentence has been served he would be taken into federal custody, first to await the outcome of a probation revocation hearing, which almost certainly will result in his parole being revoked,[17] and then to begin service of his unexpired federal sentence. Only thereafter would he be able to attack the conviction under section 2255. No matter how expeditiously these proceedings were conducted, Mathis would have to spend additional time in prison under a concededly unconstitutional conviction. Fairness and sound judicial administration require that the unconstitutional federal sentence be set aside before the expiration of the state sentence.[18] Without limiting our holding to cases where illegality of the sentence is conceded, the concession here serves to highlight the appropriateness of the sought-for remedy.

---

14. E. g., Kiger v. United States, 315 F.2d 778 (7th Cir. 1963); Woykovsky v. United States, 309 F.2d 381 (9th Cir. 1962), cert. denied, 374 U.S. 838, 83 S.Ct. 1889, 10 L.Ed.2d 1059 (1963); Migdol v. United States, 298 F.2d 513, 91 A.L.R.2d 1283 (9th Cir. 1961); Moon v. United States, 106 U.S.App.D.C. 301, 272 F.2d 530 (1959); Thomas v. United States, supra n. 12; Williams v. United States, 267 F.2d 559 (10th Cir.), cert. denied, 361 U.S. 867, 80 S.Ct. 128, 4 L.Ed.2d 106 (1959); United States v. Witherspoon, 167 F.Supp. 297 (D.Md.1958) (by implication), aff'd per curiam, 264 F.2d 480 (4th Cir.), cert. denied, 359 U.S. 1005, 79 S.Ct. 1146, 3 L.Ed.2d 1034 (1959); United States v. Harris, 155 F.Supp. 17 (S.D.Cal.1957). But see United States v. Baker, 158 F.Supp. 842 (E.D.Ark.1958).

15. Jones v. Cunningham, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963), as quoted in Martin v. Com. of Virginia, 349 F.2d 781, 784 (4th Cir. 1965).

16. We confess that we should have adopted the course followed in Thomas v. United States, 106 U.S.App.D.C. 234, 271 F.2d 500 (1959) and restyled Mathis' second § 2255 petition as a petition for a writ of coram nobis.

17. One of the conditions of probation was that Mathis shall not violate any state or federal laws. Since there is no contention that the subsequent state conviction was invalid, the probation revocation hearing would be a mere formality.

18. See Young v. United States, 337 F.2d 753, 757 (5th Cir. 1964) (Rives, J., dissenting); Thomas v. United States, 106 U.S.App.D.C. 234, 271 F.2d 500, 502 n. 4 (1959); Lopez v. United States, 217 F.2d 526, 527 (9th Cir. 1954); United States v. DeMario, 246 F.Supp. 786, 788 (E.D.Mich.1965).

Were prisoners required to complete their service of current prison terms before challenging the validity of future sentences, the effectiveness of the post-conviction remedy would be drastically attenuated. The judicially prescribed tool for the development of the perceptual facts underlying a prisoner's claim that his conviction is constitutionally defective is a plenary hearing in the trial court.[19] To insure that his hearing shall provide an accurate reflection of events, the memories of witnesses will have to be probed, and past states of mind reconstructed.[20] Inordinate delay of the hearing may make it difficult, if not impossible, to secure the presence of witnesses who may in the meantime have disappeared or died. Even if the witnesses are still available, an accurate picture of what occurred may be well nigh impossible to attain.[21]

█ As to the question whether the allegations in the petition are sufficient to warrant granting coram nobis, the failure to inform the defendant adequately of his right to court-appointed counsel, as Rule 44 commands, clearly calls for the writ "to achieve justice." [22] Indeed, a defective waiver of counsel was precisely the constitutional deprivation complained of in *Morgan*. For these reasons, the decision of the District Court is reversed, and, accepting the Government's concession, the conviction is vacated. If the Government elects to retry the appellant we think it fair in the circumstances that it should be required to do so promptly and for this purpose to seek his custody from the Florida authorities without delay. If the Government elects not to retry him, the Florida authorities should be so advised in order that his eligibility for parole will not be prejudiced.

Reversed.

19. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

20. See Johnson v. United States, 344 F.2d 401 (5th Cir. 1965).

21. Both the state and the prisoner stand to benefit by allowing coram nobis relief at the earliest possible time. Postponement may be as detrimental to the state in showing the validity of the conviction as to the prisoner in establishing the grounds for vacation of the conviction.

22. United States v. Morgan, supra n. 9 at 346 U.S. 511, 74 S.Ct. 247.