**UNITED STATES of America**
**v.**
**Milton BLOOMBAUM.**
**UNITED STATES of America**
**v.**
**Milton BLOOMBAUM, also known as**
**J. J. Cullen.**
**Cr. Nos. 27264, 27319.**

United States District Court
D. Maryland.

Dec. 30, 1966.

Thomas J. Kenney, U. S. Atty., and Paul R. Kramer, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Milton Bloombaum, pro se.

THOMSEN, Chief Judge.

Bloombaum has filed herein a "Petition for A Writ of Error," ostensibly pursuant to 28 U.S.C. § 1651, requesting release from allegedly unlawful confinement as a result of sentences imposed by Judge Winter.

Petitioner appealed his convictions to the Fourth Circuit, which in turn has remanded the cases to this Court for further proceedings without prejudice to petitioner's right of appeal after this Court has acted upon the present petition.

Petitioner asserts as a basis for his release that "the sovereign Government

of the United States [lost] jurisdiction to proceed against petitioner as a result of surrendering his custody to the sovereign State of Maryland while he was being held pursuant to Federal Prosecution."

Neither the law nor the facts support this contention.

On December 9, 1965, petitioner was arrested in Chicago and charged with interstate transportation of stolen money orders in violation of 18 U.S.C. § 2314. He was released on bond, which was forfeited when he failed to appear for arraignment.

On March 10, 1966, petitioner was arrested in Baltimore by the FBI as a fugitive. He was also charged with violation of the Dyer Act, 18 U.S.C. § 2312. Petitioner was taken before a United States Commissioner and was remanded to the Baltimore City Jail as a federal prisoner to await action by the federal grand juries in Maryland and Illinois. Confinement in the City Jail is routine in this district, under a contract between the United States Marshal and the City, whereby the jail authorities lodge federal prisoners and the Marshal pays the board.

On March 15, 1966, a writ of habeas corpus ad prosequendum was issued by a Judge of the Municipal Court of Baltimore City commanding the presence of petitioner in that Court on March 18 to be tried on charges arising out of State traffic violations. Petitioner was taken to the Municipal Court by Deputy U. S. Marshals, accompanied by an Assistant U. S. Attorney, was tried by the Municipal Court, and received a sentence of six months in the Baltimore City Jail. After sentence was imposed, he was returned to the Jail by Deputy U. S. Marshals and remained in federal custody.

On March 29, 1966, the federal grand jury in Maryland indicted petitioner on two counts charging that "on or about August 19, 1965, through March 10, 1966 [petitioner] did receive, conceal, and store a stolen motor vehicle, and that "on or about August 19, 1965, through March 10, 1966 [petitioner] did transport and cause to be transported in interstate commerce a stolen motor vehicle." [1]

On April 7, 1966, defendant was brought before Judge Watkins for arraignment on the Dyer Act charges. He pled guilty to the first count and the government nolle prossed the second count. Sentencing was postponed. Petitioner was delivered to the custody of the United States Marshal as a federal prisoner and returned by the Marshal to the Jail. No writ of habeas corpus was necessary or obtained to procure his appearance in this Court.

On April 13, 1966, when petitioner was to appear in the Criminal Court of Baltimore to answer criminal charges placed against him by the State of Maryland, the State issued a writ of habeas corpus to the United States Marshal to produce petitioner in the State Court. The records of the Baltimore City Jail state that when petitioner was returned to the Jail on that date it was as a prisoner of the United States.

On June 10, 1966, petitioner was brought before Judge Winter in this Court, and pled guilty under Rule 20 to the offenses charged in the District of Illinois indictment. He was then sentenced to a total of 15 years for the District of Illinois offenses and the Dyer Act charge in this Court to which he had pled guilty earlier.

On June 20, 1966, before the expiration of the six-month State sentence imposed by the Municipal Court, petitioner was removed from the Baltimore City Jail and transferred to the Federal Penitentiary in Atlanta, where he is presently incarcerated. The records at the City Jail reflect that at all times petitioner's status was regarded as being that of a federal prisoner.

The foregoing recital makes it clear that at no time did the federal authorities release petitioner from federal cus-

1. Shortly thereafter petitioner was indicted by the grand jury in the Northern District of Illinois.

tody. Petitioner contends, however, that the federal authorities "relinquished custody of petitioner to the sovereign State of Maryland on March 18, 1966, at a time while he was being held pursuant to Federal Prosecution (since March 10, 1966) and thereby forfeited federal jurisdiction." March 18 was the date on which petitioner was tried and sentenced by the Municipal Court, as more fully explained above.

To support his position petitioner relies on Young v. United States, 5 Cir., 337 F.2d 753 (1964), where the Court considered whether there was federal jurisdiction of a defendant's motion under 28 U.S.C. § 2255, where the defendant was in a State institution. The majority of the Court held there was no jurisdiction, saying:

"Our record does not disclose how Young got out of federal prison and into a Florida prison. If we were permitted to indulge in a conjecture or surmise, of which we are so critical when done by those tribunals whose decisions we review, we might conjecture or surmise that he had been given a conditional release or parole from the place where he had been confined by federal authority and had then been taken into custody by the Florida law enforcement officers. But if we had some proof of what we cannot surmise or conjecture, we would be unable to treat the conditional release or parole as federal custody to support Section 2255 jurisdiction. Young is in the Florida penitentiary. There cannot be dual or joint custody. An order of release under Section 2255 would be a nullity. We think there was no custody as to sustain jurisdiction under Section 2255." 337 F.2d at 756.

In a strong dissent, Judge Rives stated:

"With deference, I submit that such a barren conceptual objection is not sound, and should not operate to deprive the movant of any effective remedy * * *.

"Abstract questions of 'custody' of a prisoner as between State and federal authorities are matters of comity between sovereigns which present no obstacle to a trial by the other sovereign." 337 F.2d at 758.

The minority opinion in Young is more in accord with the general federal rule. In any event, controlling authority supports the jurisdiction of this Court to impose sentence on June 10, 1966. In Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1922), it was held that a defendant serving a prison sentence imposed by a federal court is not immune from prosecution in a State court for offenses committed against the State. An argument similar to that made by the petitioner here was presented to and rejected by the Supreme Court, which said:

"But it is argued that when the prisoner is produced in the Superior Court, he is still in the custody and jurisdiction of the United States, and that the state court cannot try one not within its jurisdiction. This is a refinement which if entertained would merely obstruct justice. The prisoner when produced in the Superior Court in compliance with its writ is personally present. He has full opportunity to make his defense exactly as if he were brought before the court by its own officer. State v. Wilson, 38 Conn. 126, 136. The trial court is given all the jurisdiction needed to try and hear him by the consent of the United States, which only insists on his being kept safely from escape or from danger under the eye and control of its officer. This arrangement of comity between the two governments works in no way to the prejudice of the prisoner or of either sovereignty." 258 U.S. at 265–266, 42 S.Ct. at 312.

■ There is no indication that petitioner's rights to a fair trial pursuant to the laws of either the State or federal government were abridged in any way. In fact, as stated above, petitioner pled guilty to all the federal charges. As the Court stated in Ponzi:

"One accused of crime has a right to a full and fair trial according to the law of the government whose sov-

ereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it." 258 U.S. at 260, 42 S.Ct. at 310.

Petitioner points to certain statements in the record which indicate that at the proceedings in this Court on April 7 and June 10, petitioner was referred to as serving his six-month State sentence at that time. But even if one assumes that such was the case, it does not follow that the federal court was thereby ousted of jurisdiction to impose sentence for the federal offenses. See Jones v. Taylor, 10 Cir., 327 F.2d 493, cert. den. 377 U.S. 1002, 84 S.Ct. 1937, 12 L.Ed.2d 1051 (1964), where the Court stated:

"Appellant asserts that the United States lost jurisdiction to enforce sentence after it permitted the state to take him into custody. The contention has no merit. When a person is convicted of independent crimes in state and federal courts, the question of jurisdiction and custody is one of comity between the two governments and not a personal right of the prisoner." 327 F.2d 493–494.

See also Werntz v. Looney, 10 Cir., 208 F.2d 102 (1953); Mitchell v. Boen, 10 Cir., 194 F.2d 405 (1952); Vanover v. Cox, 8 Cir., 136 F.2d 442 (1943); Washington v. Byington, S.D.Ind., 182 F.Supp. 54 (1960); Wing v. Stewart, W.D.Mo., 77 F.Supp. 257 (1948).

Finally, petitioner contends that the federal authorities unlawfully removed him from the Baltimore City Jail on June 20, 1966, to transport him to the federal penitentiary, since he was still serving his six-month State sentence. Petitioner's contention is without merit.

He had at all times been in federal custody. Even assuming that he was then in State custody, it must be presumed that the State consented to petitioner's removal by the United States, in the absence of a showing that the State of Maryland objected to this exercise of federal jurisdiction. See Rawls v. United States, 10 Cir., 166 F.2d 532, cert. den. 334 U.S. 848, 68 S.Ct. 1498, 92 L.Ed. 1771 (1948); United States ex rel. Helwig v. Klopfinstrin, W.D.Pa., 137 F.Supp. 214 (1956).

The federal authorities did not at any time act beyond the scope of their jurisdiction. Petitioner's confinement is lawful and his petition for release from confinement must be and it is hereby denied.